IN THE UNITED STATES DISTRICT COURT,
OF SOUTHERN DISTRICT, MISSISSIPPI

THOMAS EARL ELLIS #06800
Vs.
Brand Huffman

3:23-cv-59 HTW LGT
Petitioner;

Case No. 2020-CT-00770-SCT



FILED
JAN 23 2023
ARTHUR JOHNSTON
BY_____ DEPUTY

PETITION

Comes Now "The Petitioner" Thomas Earl Ellis Pro'se' Hereby files and Petition for writ of Habeas Corpus" and through himself" "IN The above style and Number Case of the Hinds County Circuit Court, that enter the Judgment of Convictions 3/31/2020", while the Petitioner is still in the custody of The warden James Wilkins/ERT, and the application was filed while he was in the custody of a Petitioner usually under 28.§ 2255, 28.§ 2255, § 2242 U.S.C.

However, when the Petitioner is in the stle custody of an unLawful Conviction, and there is no criminality described in the Indictments, or the ▮▮▮▮▮▮▮▮▮▮▮▮ sentence has expired the remedy is by habeas Corpus to the Trial Court; first If the unlawful Conviction is based on the unconstitionality of the state statute The U.S. Supreme Court" and others Federal Court has original Jurisdiction under 28.§ 1651, of the United States Codes, for extraordinary relief. The Petitioner Seek the re-lief" to bring fort the 1991 Transcript "This is the remedy" Seeking to be release from confinement, Physical Custody or from the custody of on illegal Judgment of ▮▮▮▮▮▮▮▮▮ of the crimes when the Petitioner IS IN Physical custody, this Application states the Superintendent Brand Huffman' over the Petitioner at southern Mississippi Correctional Institution...

-1-

"The Petitioner Claims to be styled as " Ex-Parte: John DOE.
V. State of Texas" otherwise the states shall consider the application"
for the Habeas relief" when the state court is Lack of Jurisdiction
over the Petitioner ▒▒▒▒ and the Subject Matter" otherwise the
remedy is the Post-Conviction relief" Whereas the Petitioner seek
Post-Conviction relief, or Habeas corpus relief," The state or Federal
Statute that the 1991 Conviction is based on, is unconstitutional
and repugnant to due Process and equal Protection or Protected
under the Fifth and Fourteenth Amendment of the United States
Constitution)(Citing" The Supreme court have decided the Same
as the State Court" when the Federal Court decision are more Compel-
ing and the Appellent court shall provide the Supreme court with a
reason to consider ▒▒ Consistence in render ing it's decision when
the state did not Present a Compelling Argument in the Appellant-Brief
or Amended Brief" Mere Statement that did not Present Legal
Basis or Case Law by the state in their response" when the Petitioner
Seek the Habeas Corpus ruling" The Petitioner ▒▒▒▒ the Issues
are related to the grounds support by sound Facts or Solid Law.

    "There in the Habeas Corpus" the Petitioner have Shown that
Prosecutor's under review" Failure to Comply with the Discovery,
or his defense has no merits" based on Case Law Cited." " " " "

    "The Petitioner claim He was deprived of his Fundamental Constitutional
rights" before and during Trial" and (2) Right to Fest Speedy Trial MS.ST. &
09-17-17 and Statutory Right" and Due Process and equal Protection of
Law" and (3) Access to all Public record disclosure MISS. Code Ann § 25-61-
5) when the District Attorney and Prosecution Attorney" use outside
illead ▒▒▒▒ testimony" in the Victim Case" and (" The Petitioner claim
his Amendment Constitutional Right's was deprived by the Trial
Court" by failing to hear or rule on Any of the Petitioner's Pro se
motions therein the hinds County Circuit Court Pertaining To
Previous Case . .

-2-

"The Petitioner Asserts the date of the Judgment on 2/31/2011 and the Trial Judge "Honorable "Tommie T. Green (Trial Judge) court from which Appealed, Hinds County's circuit Court First Judicial District, and ~~the~~ Attorneys for Appellant "Brief and Amended Brief "Thomas Earl ELLIS" Pro'Se) and attorney General "Appellee" Lend Fench, and the nature of the Case Disposition Civil Post-Conviction Collateral relief and Post-Conviction relief (PRR) was affirmed on march 22, 2022, and Motion for rehearing denied on march 2022), which the Supreme Court Barred the Post-Conviction collateral relief (PCR), See ~~▮▮▮▮▮▮▮▮~~

Title: An act To Amend Section 47-7-3, Mississippi Code of 1972, To Provide That an offender who has reached 60 years of Age or older and has served not Less than Ten (10) years of the Sentence or sentences imposed by the Trial Court, Then Such offender Shall be eligible for Parole" To remove the Crimes, That Make Such An offender ineligible for Parole, See House Bill 837)...

"The Prosecutor's used outside Testimony's that was Prior expired elapse of Tender of years" and Rules of evidence' Rule 6.09) acception "Testimony discovery", otherwise "the rules and Principles was that whether the evidence "from the District Attorney and Prosecutor's Attorney whether they was acceptable for burden of Proof) during Trial," when either did not evaluate it's importance of facts in this case To the Jory, is invalidly evidence.

LAW:
"The Petitioner's asserts the Constitutional requirement of the Government failed to do So," To Treat equal or equally Matter of fact IT Set an illegal Categories to justifies treating the Petitioner unfairly, with Malice" before "and during Trial., when the Prosecutor discriminated based on Petitioner Color" and Crime" and etc, when the Trial counsel failure to Protect the Petitioner equal Rights is in effective Assistance of counsel "Strickland V. Washington, 466, U.S. 668 (1984)

-3-

A) "The Petitioner was actually accused of Rape" By the Victim's (I.S.). was indicted For Statutory Rape" see attached Exhibit-1)" in Paragraph For proof of document filed on march 5, 2010" when the Petitioner is being wrongfully Confinement and Convicted on Count-1 and Count-2) therein the Previous Indictment See Attached Appendix-1)" " " " "

B) The Petitioner appeals from the Hinds County Circuit Court ordered affirm" and other Post-Conviction Collateral relief and Post-Conviction collateral relief (PCR) and Motion DOM Brief" was denied" when the have a right to an illegal Sentence or Conviction", Shall be granted relief:

"The Trial Court deliberately" allow the State Prosecutor's to not comply within ▮▮▮▮▮ in the discovery" is grand for reversal error" When the Trial failed to abide by the Law and mississippi rules of criminal and federal Procedure in the Court of Justice" and The Trial will fully allowed the Prosecutor Jennie McBride" to admit" Sentences exchange for Testimony" Which was an unexpected deal between the Petitioner Wife" Cassandra A. Ellis V. State, Cause no. 09-503-02-CRG, is on federal Violation of Law", "The District Attorney" Robert S. Smith use the Petitioner (as defendant) which is his wife to be an eyewitness She was not a part of the discovery" is an mississippi rule of criminal Procedure" therein Trial Court's is on plain error" of substantial "Therefore" this honorable Court Shall grant an reversible error" on the grounds of Trivial "is harmless error. . . .

"The Trial failure to Subpoena or ordered ▮▮▮▮▮ the MDOC" Chief of records (Gloria Gilk) or Alicia Box as on Custodian" to the Bay created hearing therein the Trial Cause number" To Verify all Prior Convictions" "The Petitioner was Convicted on Count-1 Sexual Battery MS-ST § 97-3-103, 30 years and Gratification of Lust on count-2 15 years, 45 years Under habitual offender statute MS.ST § 99-19-81) without Parole. . .

"The State failure to Prove the Petitioner" knowingly intelligent in voluntarily was imposed on improper illegal Sentence or Plea" on 1991 which was enhanced as a habitual offender MISS. Code Ann. § 99-19-81 (Rev. 2011) Confined with (SMCI-2).. Based on 1993 Conviction, Cause no: 93-2-18 (CRG) and 1991 illegal Conviction, Cause no. 90-7-442-CRG and both Indict-ments is not on True Bill Indictments, MISS. Code Ann. § 13-7-35)..

~4~

"The Petitioner claims" under review" where the State "fail to Prove beyond a reasonable doubt; the Petitioner appeared or Pronouncement in open Court" that he admitted or Confess to 1yr and 4 months and 27 days on Transcript or record. on 9/9/1991". The Petitioner Seek Docket sheet therein Case no. 90-1-442-CR) if the State fail to do so" the Petitioner seek grounds to Vacate" or dismiss all Charges and be expunge from MDOC and State files and Circuit Clerk files beyond a reasonable doubt.

"The Petitioner's was arrested on December 30, 2008" and was Continued. therein. the Hinds County Detention Center "in Jackson Mississippi until March 29, 2011. was two (2) years and two (2) Months before taken to Trial" violated Miss. Code Ann. §99-17-1.

"The Petitioner" was tried for Sexual Penetration" and Physical abuse on 9 year old minor," who barely could" when the State or Investigator or Medical examination reports or the Prosecutions attorney could no show" or engaged or enter into", No the State expert" fail to claim any evidence .. therein their reports, when the Petitioner Never threaten or bodily injury the victim", when the District Court Shall Consider the fact of burden. of ~~Proof of Physical~~" evidence" was not Proven by the State" or Prosecutor's beyond a reasonable doubt" are grounds for New Trial" or the MDOC release on innocence man" and dismiss all Charges.

[ Petitioner's statement of Claims of Grounds upon
which Petition is based. .. ]

<u>Ground One</u>: The Trial Court was improperly Instructed accordily rule 3.07 of uniform Civil rules of Circuit and County Practice" and rules of Mississippi rules of criminal Procedure by Law", by allowing untruthfulness"

testimony's and contradictory statements and insufficiency" evidence outside of the Trial Discovery's"; when such rules and principles" is afect" to be carried out by the Prosecution Attorney and the deceased District Attorney Robert S. Smith" of the Hinds County Mississippi " within the Previous Case" whether they was (accepted for burden of Proof) during Trial" when it did not evaluate it's importance in this case "to the Jury.

"The Trial Judge" Played the role" of entrapment "Knowing their wasn't any evidence or conrect evidence" or Laboratory report exsisted during Trial" when the Trial Counsel "feil to Motion for a Mistrial or dismissal "for Lack of evidence under review "the Petitioner seek the relief of in effective Assistance of Counsel" <u>Strickland V. Washington</u> 466, U.S. 668, (1984). On the grounds of the Discovery "feil to Prove the Petitioner committed either crime's by Law (See <u>Robinson V. State</u> Supp. ct. of miss. April 19, 2018, 247, So 3d, 1212-2018-WL-1870011-KA-0103 8-SCT).

"The nine Jury's instruction's" attached, <u>Appendix-E</u> ") therein the No.3" stated the Petitioner, Willfulls and Lawfully engaged in sexual Penetration " which is false", which their is an contradiction of Jury instruction 1and3, and the Jury Instruction No.5) underline" whether it need to Penetration", when their was any Proof of Penetration of the Sexual organ "from the Victim (I.S.) were a fact, or Proven by the State beyond a reasonable doubt" when The Trial indicate during "their wasn't Proof to Convict the Petitioner" on either charges" according to Jury Instruction No.6) "The Petitioner is actually innocence," when there was no biological evidence of an Laboratory report wasn't exsisted..

"The Jury's based their decision" on the Victim's (I.S.) out of Court C.A.C. interview" and the Prior expired illeed" Testimony and a expired prior Transcript "read to the Jury" is ground for reversible of Trial Jury's decision" when the Verdict was not an unanimous decision" on the of Lack of evidence. "The Perjury Indictment is defective" when it or the enhanced Indictment "failed to enter the proper essential elements of Motive of Intent or Serious bodily injury" to support the fact of the Committed both Charges, See "Jury Instruction No.9), "The Petitioner the "if the Victim brother (B.S.) acts relating to the Charges" are ground to

~ 6 ~

face the accuser and Cross-examine" under the Sixth Amendment"
"The Petitioner argues the fact in the Jury instruction No. (6) The ████"
discretion of the Trial Court" when it Clear Considered only for the Limited purpose"
of showing proof of motive, opportunity, intent, Preparation, Plan, Knowledge" when
Prosecutor or State failed to indicate any evidence of essential elements was
within the Previous indictment" when the Jury" was an unfair" impartial Jury"
when their "Direct Verdict" and decision and Judgement" was based on ██-
outside" illegal Testimony" and in expired Transcript" by an invalid
Person, name Clifton Ellis, who was not within the attached 1993" In-
dictment; See Exhibit Q"; To Support the fact of an error, when it Pet-
ition of equal Protection of Law" & confrontation Clause shall be granted
relief . . .


"The Petitioner Seek the Habeas relief" of whether the Jury Instructions
did not Support ones of the Victim's Witnesses testimony" or the Victim's
statement of "Rape" nor did the University Medical Center" or DHS or the State
unqualified Certified expert", never claimed any motive, opportunity or
Intent, Preparation or Plan, Knowledge" beyond a reasonable doubt when
the Jury Instructions is immature with the rules; See "attached" Motion
for an Direct Verdict" (Exhibit 13) which the trial" refused to hear it" or
rule on it" or response on the Pro'se motion" Grounds for relief of access to
to Public record Act & MISS. Code Ann. § 25-61-5) is being deprived of
and why?

Ground Two: Whether Petitioner's Convictions was Premised of Least
Part" upon Publishing to the Jury" of an Second hand recorded out of court
C.A.C. interview Tape from the Victim (I.S.)" That was not Suppose to go
back in the deliberation room as evidence" when the Prosecutor Jamie
McBride trick the Trial Court "that he was using it for ID Purposes"
thereafter" whether 'error' "Should be question" when "the Petitioner was
denied Access to that Tape" as Public records" which Lead the Jury
to an Two illies Verdict" with Malice intent . . . .
"The Petitioner claim the Victim's (I.S.) statement" before and during
Trial' under oath" under Habeas relief. The Petitioner Seek the relief of Contradict-
ory statements under oath" is not a fact of Whereas She two different state-
ments' does Pen point the Petitioner committed either Crimes when the victim's

Testimoney" was not truthful and her Testimoney" did not support the evidence therein the Discovery" beyond a reasonable doubt" when she told her Mother "Cassandra A. Ellis" after the Trial "in the hall" when she Lied on the Petitioner Like that; the Victim (I.S.) cried" which is wrongfully Confined thereinSMCI) The Petitioner was indicited on the Previous Case on May 29, 2009, and was arraigned on July 13, 2009).

The Petitioner's filed his First Pro se Demanding for a Speedy Trial on July 23, 2009" and a written Letter" to the Miss State Supreme Court on 450 High Street, Ste10 "Hinds County, Mississippi, on 11/10/2010"

Under review", The Petitioner claim the court overlooked the fact of the Trial Judge" failure to investigate the minimum Sufficient observed Battery MS.ST. §97-3,403" of 1990" enhancement Sentence" under miss. uniform rule of circuit and County court Practice URCCC 11.02" afforeds the Trial Judge the opportunity to and direct Sentence on 1991; That the Presentence investigation was conducted or report Submitted Pursuant to the investigation" Such a Presentence report will contain Vitel information to Aid the District Judge" in whether" the Trial Judge" was concernd the enhancement Sentencing.

According To URCCC 11.02 The Presentence report" under Habeas review" report's will contain such information of the Petitioner's criminal history" financial, Conduction, education background and employment" background also Provides that Presentence investigation Contain us one thereing information about Special resources aviable to assist the Petitioner"; if he/she in need of re-habiltative Program, or Physical and Mental examination Collins V. State 075. (miss. 1996); Wilde e V. State 1930, So, 2d 478 (miss. App. 2005).

## (STATEMENT OF THE CASE)

**1. Procedure of History**

The Petitioner States the evidence of the Victim's (I.S.) Statement before Trial "was accused of Rape" and the attached document "Exhibit-"D"claim" the Petitioner was indicited of Statutory rape, Miss.Code Ann. § 97-3-65) Stamped filed on march 5, 2010" is on conflict of interest; when the Petitioner was indicited on may 29, 2009") of Sexual Battery and Gratification of Lust" which he never committed" therein the Hinds County Circuit Court (P. 44-50)

Petitioner filed another Motion For A Speedy Trial "filed June 21, 2011" and another motion for fast Speedy Trial hearings filed on July 19, 2010" Pro'se and Motion for Dis-missal filed on April 20, 2010" and Another "To Dismiss & Denying Due Process" and another Motion To Dismiss for Failure To Provide A Speedy Trial "filed on Sept-ember 2, 2010, and motion for fast Speedy Trial Hearings within September 2010", all Motions was filed in Timely Demand by "within the Hinds Court Circuit Court" See attached Appendix-12 and Appendix-R) and exhibit-A) when the Petitioner was accused of the alleged crimes alleged "is" on November 1-31-of 2008 and was arrested on December 30, 2008" and Confined therein the HCDC from December 30, of 2008 until March 29, 2011 of Trial, "Matter of fact" it taken the Trial Court two(2) years and two(2) Months before taken the Petitioner to trial" after the fact he had filed num-berous of Demands of Speedy Trial Pro'se" when the Trial Judge deprived the ~~Petitioner~~ motions to be heard or to ruling" was Prejudicial toward the Pro'se... when the Petitioner did not have the duties or Authority to bring himself to Trial,

   The motions for fast speedy trial and dismiss for Lack of Speedy trial (C.P. 41~45, 48, 51~52, 54~57, 71~74; R.E. 13~17, 20~21, 22~25, 26~29) The Trial Court deprived ~~Petitioner~~ Sixth Amendment" and the Constitutional Right to Speedy Trial nor the the Statutory rights (Miss. Code Ann. §99-17-1) were given even Passing notice" by the Trial Court as Justice Dickinson stated in his dissent".

   <u>Baker V. Wingo</u>, 407, U.S. 514, 530, 92 S. Ct. 2182, 2192 (U.S. Ky, 1972)

   "The Length of days herein from December 30, 2008 until March 29, 2011" which 820 days, or 27 Months, span of time is Presumptively Prejudicial The Sixth Amendment clock begins to tick upon Indictment or when the arrest alleged offense occured... Matter of fact; the Supreme Court of Appeals foil or disregarded the errorness"; is a fact:

   "In Mississippi, Any delay from the date of Arrest, Indictment" or information until trial exceeding eight (8) months is Presumptively Prejudicial" when it required the Petitioner to be brought to trial within (270) days absent Compelling reason found in both orders of Continuance's, No Continuance was granted within (270) days...

-9-

"Therein this henorable Court" these Issues were excluded to which the ~~four~~ Appellant Brief and Post-Conviction Collateral relief (PCR) was ignored".

"In fail to Press new nine Arguments in Sentencing Phase of the Petit-ioner; ~~Appeals~~ ~~four~~ Counsel fail to Challenge the Trial Counsel "error of ineffective Assistance of Counsel even or within the direct of Appeal's increase of Sentencing from thirty (30) and fifteen (15) years Constituted Prejudice", for the Purpose of Ineffective ~~strickland~~ claims.); of not raising that the enhancement is illegal," Sentence or Conviction.)

"The Appeals Court fail to review the Indictment's in the Previous Case and enhance Indictment "fail to have the Correct Proper essential element of Seriously bodily injury, and Motive of Intent and Consent," Proven both Indictment in Cause no. 09-504-02-CRG and Cause no. 90-1-442-CR) is defective fatally invalidly...

<u>Ground Three</u>: Whether the Lower Court "fail to give both the victim and Petitioner on ~~four~~ Biological DNA- Testing" of the Laboratory report's gen-erated by the tested evidence" other than Consisted Primarily of the fore-nsic interview"; other than related Hearing of two adults testimony...

"The expired Prior testimony and read transcript of Tender of Years had et al as by Law" according to rule of evid. 6.09) "Matter of fact," the trial Court allowed them to be related" when the Petitioner was never found guilty or plead guilty in open court therein the enhancement Sentence on 1991"(See Entry of ~~Guilty~~ Pleas in rule 8.04) Cuhere the state ~~Court~~ deprived the Petitioner of mississippi rules of criminal of Procedure, is error... of federal Procedure;

Sandra Bennett" was an employed by the Domestic Violence Pre-venting in Pearl, Mississippi Different Jurisdiction "during Trial" she de-scribed her Professionalism as social worker Case Menger." In which the Hinds County sheriff's Department has Come "to understanding that the Minor (victim) referred therein by the Initial [I.S.] Titianna Stroud) Claimed to have been raped "and of ~~four~~ Petitioner engaged in Sexual Penetration and Physical abuse" with her," Bennett" the Social worker," Not an Certified Legal Medical expert" ion" Bennett related that[S] he Said her Stepfather had rub "her under Pants when their wasn't any ~~four~~ utilities Connected therein at her home at 117 Noel Street, Ms. Bennett reported false allegations of hearsay statement from the Victim (I.S.) of the Dept of human Service" Bennett was not an Legal

~~90~~

Certified qualified expert" found the Victim (T.S.) to be Consistent with Victim ised children of Child-abuse", Matter of Fact "the Victim (T.S.) never experience of staying away from home "or aways from or round her Mot- her (Cod-defendant) and the Petitioner", before and during his marriage...

"The Petitioner Seek Hebeas relief of Justice" when Ms. Bennett did not have any special Knowledge or experience" of any degrees of rapeor penetration or physical abuse to testify at Trial" (not Like the ordinary witness) when she or others could not tell about the Professional Conclusions hear she draws from the falsely Accusation was made against the Petitioner... grand for reversible error...

Ground Four: The Petitioner "Trial Counsel deliberately failed to file the Petitioner Direct of Appeals", Therein the Supreme Court of Mississippi, "Court of Appeals" in reference of the Petitioner was poor and Indigent, Therefore" the Petitioner Seek the Hebeas Corpus relief of fact "the trial Counsel Violated the rules of Direct of Appeals rule 5.05), Matter the Supreme Court fail to grant ineffective Assistance of Counsel on that Issue" because it was not brought up the first time an appeal" that was brought up in Appellent Brief and Post-Convict-ion (PCR) and brought an issues where the Trial Counsel withheld New Media scovery evidence" of the Letter was given to her "stating that she and her ex bay-friend Corten had Planned to have her husband Lock up, The Letter from the ex wife" was Dated on December 8, 2008", The Someday she Plain to Leave the Petitioner, is ground for New Trial...

"The Petitioner Seek Hebeas relief" when the Supreme Court disregarded "the fact" of the State or Prosecutor's or Trial, failure to Investigate the alleged Crime Scene" at 117 Noel Street, and Victim's school behavior" under review, it was not an proper Preperation for a fair impartial Jury Trial, "The Petitioner Seek federal relief, Matter of fact", when the Victim brother (R.S.) had Made false statement against the Petitioner, See Appendix-V and Appendix-Z attached, for evidence" when the trial Court fail to allow the Petitioner to Conduct An Significant Cross-examination of the witness who brought false statement against the Petitioner," violated the Sixth Amendment" of right to Confrontation Clause)...

Ground Five: The District Roberts. S Miths the Prior District of Hinds County, Mississippi" Willfully and Lawfully exchange Leniency for test_imeny "with the Co-defendant" the Petitioner wife "To use her as an eye-witness against the Petitioner" when her Charges of Child neglect under Cassandra A Ellis Sisters "Cause no. 09-503-02-cro, when the Court Clerk Said her statement and Indictment is disclosure, "But the (District Attorney) Promised her Charges will be drop "after she testify, was not Legal Said Circuit Judge Kelly Jr. Such deals Violates federal Law", The Petitioner Seek the relief of reversible error, See attached Appendix-Y, for evidence.

IN U.S. V. Frederick, Cumulative effect of Prosecutorial or District Attorney error and unclear Testimony warrants reversal of the Convictions). Petitioner are entitled to all disclosure of Public records related to the District Attorney and Prosecution Conviction, West's F.S.A. § 119.011) *Smith v State, 696, So, 2d, 414 (Fla. Dist. Ct. App. 2d, Dist. 1997)...

Ground SIXTH: "The Appeals Court under review" overlooked where the Trial Court errored in failed to Present Public Court-Reporter records "To be inspected by Petitioner" and reading of the Previous Jury Instruction" under mississippi rule's of Criminal Procedure Rule 22" and uniform rules of Circuit and Counter Practice Pursuant Rule 3.07)(by Law" in into records..

When the Court's or Trial Court's failure to require Legal Proceedings of the rules in Very important Principles" which been established therein the Hinds County Court System of Jurisdiction Prudence for the enforcement and Protection of a Private Rights,"

Ground Seven: After the fact when the Petitioner charged of Child-neg-lect and Charges was Pending during Trial", The Trial Court denied the sixth Motion In Limine regarding exclusion Testimony of Cassandra A. Ellis "even when the trial Judge deprived the Petitioner from the mississippi rules of evidence 5.04 of Husband wife Privilege See, Attached Exhibit-C" for evidence" When this Court shall grant the Habeas relief on the ground of the Trial Court" Violated the Petitioner right's to Due-Process and equal Protection of Law t's reversible error...

**Ground EIGHT:** During it's Case in Chief, The Prosecution Willfully Asked the the Investigator or Law enforcement officer about Petitioner ~~that~~ refusal to Make a Post-Arrest statement" when the Petitioner have the right to exercise the right to remain silent, is Constitiend Violation of Petitioner right to remain silent: (2) And whether Publication the Victim's (J.S.) recorded out of Court CAC interview Vedio Tape to the Jury and Plus" the absence of DNA-Testing on both Victim and Petitioner," Plus Rape Kite" was unavailable by the State or ~~Trial~~ Judge," and (3) ~~The~~ Previous Indictment initiated that the Petitioner feloniously's engaged in Sexual Penetration with the victim (J.S.) and Physical abuse and mental abuse" when neither Issues were Proven by the State or District attorney or Prosecuting attorney beyond a reasonable doubt", Seeking Habeas corpus relief on the ground with in, Are grounds for new Trial or Vacate...

<u>Challenging Why The Trial Court Allowed The Prosecution or District Attorney To fail To Comply with The DISCOVERY, rule 9.04 and rule 9.05</u>

The Petitioner Challenging fact of Why The Trial Judge Violated the mississippi rules of criminal Procedure" of allow the Prosecution Attorney To fail orea against the original Discovery" By admitting out side witness whom did not Play a part in the Discovery" as eyewitness" when the Trial Court have al-reads violated the federal Law"; of a non-absence evidence" when the trial Judge allowed the Prosecutor to Present insufficience evidence instead", That appeared to be hearsay statements and contradictory statements from the Victim (J.S.) and state witnesses, and Prior expired [BRIAD-ACT testimony" of the victim's out of Court C.A.C interview Vedio Tape" when the burden of Proof still rely on state to Present Physical evidence" from Photographic Neg-ative",

Petitioner Seek Justice of Proof indicating the Petitioner actually committed either crimes beyond a reasonable doubt", when the Jury accepted the Mind of an immature nine(9) year old minor word to be Credible, and ~~will be~~ of a truthfulness or fact", Matter of Fact", the Petitioner Seek Habeas relief of the Trial is Court is error" by disrespecting the Mississippi rules of Criminal Procedure circuit

See (T, 289) ⟨9-21⟩, "The Point is "that the Victim was not direct" to the Jury" when given two different statements that was Contradictories" which Proven that she was untruthfulness is not Credibility Proof", If the Trial Counsel and Prosecutor had investigated the Supsedy Crime Sence of the Victim home" at 117 Noel Street "The Verdict would have been a different results.

The offense was more than Just a Crime" when both involved of bodily fluids Such as Semen or blood when the fluids Could then be Submitted to DNA Testing", "The Petitioner is Contesting the Conviction" When DNA evidence" would or would have Proven Petitioner not-guilty or Innocence. . .

The Petitioner have demostrated the fact of the Government fail to Prepare an Proper Investigation, nor the Investigator from the HCDC Sheriff's Dep't of State Dr Trial Counsel's investigated the Crime Sence" inside of the where the Incident Claim to have accurred, "of clothines and Physical evidence Such as hair" when it is increasing used to Prove the guilt of the Petitioner Innocence as well. . See below:

1.) Whether the evidence aviclable before The Trial?

2.) Could it have been discovered before the trial throu us the exercising of Due ~~Proces~~ Diligence?

3.) Could it have been' whether the evidence Merely Cumulative (that is does it only reinforce other similar evidence Probably change the results if a new Trial is granted" within meaning of rule 33 of the federal rules of Criminal Procedure relating to motion for New Trial 44 A.L.R. fed. 13. (2002) See also, united states V. Corlone, 603 F. 2d, 63 (8th Cir. 1979); ~~Pitts V. United States~~, 263, F. 2d, 808 (9th. Cir. 1959)" united state V. Bertory, 249, F. 2d, 156 (3rd Cir. 1957) grand for New Trial. .

4) Is the evidence material (relevant) to the Issues that was roised in Prosecution motions?

5) Whether the evidence merely Cumulative (that is does it only reinforce other similar evidence ~~ad~~mitted at Trial) or impeaching (that is, does it only Contradicts the first evidence that was within the Discovery at Trial?

-15-

# Challenging The Review of The Trial Judge Findings

The Petitioner's Challenging the Supreme Court and Appeals Court's decision and Judgment in The Trial Court error's; In allowing Such recommendation based on just credibility finding, which is not a fact to be Proof," when the State or Prosecutor's burden of Proof "relies on Physical evidence "beyond a reasonable doubt" credibility does not prove or indicate the Petitioner Motive or intent to committ both alleged Crimes', when no evidence was never exsisted; which means these Crimes never actually occurred by the Petitioner; when the evidence the Prosecutor's used" was not Proof to the Jury to be fact "The Petitioner Seek under review" of the Habeas Corpus" the Biological evidence of an DNA_Testing or Laboratory report within the Discovery. . .

Therefore" the Petitioner's Seek "under review of the District Court shall hold it's own Hearing" of such credibility of the recommendation based on the Victim's (I.S.) Contradictory statements before and during Trial" of an oral Evidentiary Hearing") Cullen V. United States, 194 F. 3d. 401, (2d. Cir. 1999") . . .

Petitioner's claim "In Wilson V. Cook, 814, F. 2d, 614, (11th. Cir. 1987) That the District Judge's Accept of Magistrate Judge report and recommendation in Habeas Proceeding with transcript or Tape of Proceeding before Magistrate was an error") . . .

Petitioner's challenging The Jury's Verdict was against The overwhelming weight of the evidence")

Under Habeas review" The Trial Court denied the Petitioner Motion for New Trial on August 1, 2011" See attached Appendix (1) and Appendix-2") To Support the fact the Trial order was based on Procedural and Substantive errors" as follows Committed during Trial in the matters as follows:

1) The Trial willfully and unlawfully allowed the Prosecution to admit 20 year old expired elapse Prior testimony that was not a part or within the Discovery" regarding alleged Past [B]AD-ACTS from witness under Tender of years accection". See Rule 6.09. of evidence . . .

2) The Trial court after discovering their're wasent cures evidence" during the of Trial' still allowed contradictory statements and hearsay statements" that is secondhand information testimony's from over 22 years Prior elaps expired of Tender Years accept in the Previous Case against Petitioner unlawfully . .

31 "The Challenge the Direct Verdict" was not An unanimous decision" on the facts of the Jury's Verdict was against the overwhelming of the Biological evidence...

Where the Supreme" and Appeals Court" neglect the fact" of the Petitioner have a right" to exercise his constitutional right" during arrest" and within the Justice court" which the Petitioner under Habeas review" to overturn both Court's decision and Judgement on the grounds above" when the Trial Court deliberately deprived the Petitioner of the 5th and 6th and 14th Amendment Rights" before and Proceeding Trial" Therefore" is a federal violation of constitutional Rights" beyond a reasonable doubt...

Matter of fact" This Case does not involved a criminal Conviction" when the state fail to have any concrete or Physical evidence of Proof" into the Jury's Consideration", But the Trial Court" itself "did So".. CONT. of Habeas relief, when the appeals and Supreme court overruled that fact, when the Jury's Verdict" was Actually based insufficiency unlawfully evidence" being Premised on NON-evidence", is grounds for reversear on the Legal Technicalities involved"... Therein the discretion of The Trial Court failed To act within it's general guidLines of Procedure and rules or Laws..

The raised therein his Post Conviction collateral relief and Appellant Brief and Matter DUM Brief and Within the Habeas Corpus that he is not guilt" or innocence on all alleged charges" when the Petitioner claim he Knowingly intelligently was enhanced "with an involuntary's Sentence on 1991 "that was not raised on Appeal", is an illegal Sentence or Conviction" and the Trial Counsel refused to file on Direct Appeal" Within it's timit Limit" under review "grounds for reversible error"/ and ineffective Assistance of Counsel, Strickland V. Washington, 466, U.S. 668, (1984). -

The Asserts the fact" that he tell his Trial Attorney Dory M. Palmer" that is innocence" and wrongfully accused ever when the Trial Counsel failed to Subpoena the Witnesses within his favor" is ineffective resistance" Counsel Strickland v. Washington 466, U.S. 668 (1984)" Matter of fact" the Supreme Court" under review" failed to rule on that Issue or fact of the Trial Counsel Performance was Poor and Lacked Interest" and below the objective Standard of reasonable. See Id, 687-88" Plus the Trial Counsel deficient Performance, of Investigation or preparing for Trial" in resulting unreliable or fundamentally unfair outcome in Proceeding" See Id, at 687, See also, Glover V. U.S., 531 U.S. 198, 204, (2001) Even the Appellate Counsel failed to address the "Issue" of the Trial Counsel failed to file the Direct Appeals" under rule 5.05, within it's Time Limit" The Petitioner Seek under Habeas Corpus review grounds for ineffective Assistance of Counsel" Strickland vs Washington, 466, U.S. 668 (1984), shall be granted relief of an Constitutional violation of failure to Protect of equal Rights...

-17-

# [FACTS OF WITHIN THE MATTERS]

The Petitioner's under review'states the fact and Legal Technicalities involved, therein the Previous Ind, enforcement indictment's according to the reading therein both Indictment's"which was instructed by the Trial Judge Jury instructions is being in proper Instructed therein the 9 attached Jury Instruction which the Juror's indicated the incorrect essential element's according to engaged in sexual Penetration or Sexual Battery or Physical abuse of consent and Motive of Intent, of seriously bodily injury, is the Correct essential element's required "to Support entered Penetrate or Physical abuse"and Law'' both Indictment's is defective falsely and improperly.

Under Review'' The Petitioner's request this honorable Court'' on the ground that Trial Court allowed such credibility GAP-between the Victim's (I.S.) untruthfulness Testimony and Contradictory statement's be admitted as Credible evidence, when the state fail to Present any concept evidence of Proof during the beginning of Trial''. In the Primarily's Court Proceeding.

Therefore, the Petitioner Seek under Habeas Corpus relief the state or Prosecution or Investigator'Investigation's report's of the Victim's (I.S.) and Petitioner's wife resident at 117 Noel Street between November and December 30, of 2008 '' on the ground improper investigations.

under review." The Petitioner the relief of the Chancery Court results of the suite which was filed for Access to all Public and disclosure records, MS. ST. § 25-61-1) of the 1991' Plead discussion and related statement's under rule 410 Plea").

- A) Prohibited use In civil or criminal case evidence of the following is not admissible against the Petitioner who made the Plea or Participated therein the Plead discussion below:
  1) A Guilty Plea was Later withdrawal..
  2) A Nolo Contender Plea.
  3) Statement Made during open court on 1991' With an attorney and Prosecuting attorney during the 1991 Proceeding.

- A) The Trial Court (exceptions) of 1991' recorded records and State or Trial Court shall Produce documents described in Rule 410 (3) or (4)...

- B) Therein the Previous Case during Trial" under OATH "The Victim's (I.S.) Made numberous of contradictory statement's did not Support either Convictions under OATH To the Juror's (See: Rice v. State, 189, So, 3d, 722, 726, (11-14)(Miss. Ct. App. 2016) (is not a Fact). Grand for Perjury under OATH, Primarily within the trial Proceeding is a crime...

Under Habeas Relief "The Petitioner Seek equal Protection of Law" on the facts therein, when the victim's Vocabulary and reading skills or Spelling at the age of Nine(9) year old or when she was eleven(11) years old during Trial, Did not support the fact of whether She had Physical abuse or abused at all" when she had Problem of reading and Spelling and Vocabulary" when she was in the Second and Third grade at Davel L. Brown elementary School on Ash Street in Jackson Mississippi.)

The Appeals Court and Supreme Court decision and Judgment shall be over turned" when the Petitioner was accused of three charges between November 1-31, of 2008 by an 9 year old miner (Victim) and 10 year old her brother(R.S.) Which he made an Verbally statement against the Petitioner, and the Trial Court deprived the Petitioner of the Right to face his accuser, and cross examine him; is on direct error. "Newly evidence" when both the victim (J.S.) and her (R.S.) had an Doctor Appointment at the Hinds Community Center Children's Clinic on November 14, 2008" on file therein.

The Petitioner Claim the fact under "Habeas Corpus review" of the Victim's (J.S.) Testimony or statement's is not a fact" of untruthfulness" when she only made an statement of Rope and Physical abuse" before and during Trial" is not concret Proof, when the D.A. Robert S. Smith and Prosecuting Attorney Jamie McBride" failure to Prove an Motived Intent to engage in Sexual Penetration or offered deeply in the areans of the Victim's (J.S.). beyond a reasonable doubt before and during Trial . . .

The Petitioner Move this Court" to consider the grounds therein for New Trial" when the Victim or Cot defendant did not initiated an People date" when the false Crimes occurred, when the Petitioner was at the Hinds Community Health Center "Children's Clinic on November 14, 2008" with the Victim (J.S.) and her Mother (Petitioner wife) to be a fact" beyond a reasonable doubt.

The Petitioner Claim the fact" where the Petitioner Presented an Post-Conviction Collateral Relief and Post-Conviction (PCR) therein therein the Trial Court" consisted (4)Six (6) Seprates Issues Clearly necessitate An opinion as to the Merit of such Issues . . .
(1) There wasen't An Laboratory report offered in the Discovery or at Trial.
(2) The Trial Judge allow the Sate and District Attorney and Prosecuting attorney" No To Comply with the Discovery.
(3) The evidence Which the Prosecutor's used was not Sufficient to Support the outside insufficiency evidence did not contain an unanimous Verdict, beyond an reasonable doubt. . .

-18-

under review", "The Petitioner claim all Issues and grands therein this case is a fact" When the Appeals Court and Supreme Court overlooked the facts of the Trial Court's initialies errors" by allowing the Prosecution to admit Prior class expired Tender of Years"(BIAD-ACTS Testimony" as related, And the victim's (T.S.) out of Court C.A.C. interview Vedio Tape to the Jury" was admitted as evidence. To the Jury... is reversible" by the discretion of the Trial court fails to act within it's general guidlines or rules of Practice. . .

┌─────────────────────────────────────┐
│ Challenging The Prior D.A. AIDING    │
│  AND ASSISTING Defendant's           │
└─────────────────────────────────────┘

    "TO The Court:
        The Petitioner's the District Attorney Robert S. Smith was accured of AIDING defendant's on June 23, 2016. See USA Page 3A-1B of the Clarion Ledger related to Page (1) therein the news paper. . .

    review"; The alleged Prior District Attorney Shuler Smith was accured in a Six (6) cant affidavit of Providing Information to Assist Criminal defendants.. As this court have reviewed "therein" that he actually made a Deal With the Petitioner (wife) by granting her Leniency for her testimony" therefore is an Violation of Federal Law" Even when she was "indicted at of Child neglect. See "Tessandra A. Ellis V. State (cause no. CR-503-02-CRG) disclosure" is reversible error, See Attached APPendix-Y²). To Support that fact

    "The deal was that the the D.A. would drop her Charges after she testify against against her husband" when she was not cart ev with D.A. the discovery" that she was an eyewitness" untill March 30, 2011" an surprise witness" "The fact of the Matter" was when the Prosecution McBride conspired the Trial Judge Tommie T. Greene" to go against the guidlines of the Circuit Procedure, violated husband and wife/ Privileges under rule 504).

    under Habees review" the Petitioner Seall the relief of obstruct of Justice" at "Trial" therein the Hinde Cantys Circuit Court" by not abid- ing by the Proper standards of Procedure" therein the court of Justice Shall be granted on reversible on the grands above. . .

    See the D.A. Smith on Page 2A of Clarion Ledger and Continued from Page (A) therein the Clarion Ledger new Paper on June 22, 2016. "In Support", "The Petitioner claim the fact of Smith unlawfully advised and provide Counsel Christopher Butler who had been Legally Charge with embezzlement wire fraud and Possession of Control Substance Which are evidence to Support that Habeas relief" when Smith was Cable of Violating

-26-

# Status As a Public Official

And his undersigned duty in which he felt to uphold in this Case the Independence and Integrity of Judicial System, The Petitioner seek" the relief of Justice of Both Individual be charged breck Federal Law" and all Charges be dismissed, Matter of fact the Supreme Court disregard these Issues therein Appellant Brief and Post-Conviction Collateral relief," The Petitioner Move this Court for unfair Jury Trial" when the Petitioner was wrongfully Convicted of entrapment Walls V. State, Supp. Ct. of Miss. April 11, 1996_672, So, 2d, 1227, 1996, WL-169737, 92-KA-00694-SCT). .

# STATEMENT OF ISSUES

Petitioner assert the Issues" When the Court's decision and Judgments was indirect in dismissed Several Post-Conviction relief," When it alleging the 1991 enhancement Sentence or Conviction was impose improperly without Due-Process" is an illegal Sentence or Conviction when the attorney replied that Petitioner Could not Meet his burden to substantiate that Claim therein Appellee response Brief on Page one(1). . is irrelevent to the fact.

Rowland V. State, 42 So, 3d, 503, (Miss. 2010), Provides Courts with a limited Procedure" to review these direction defense Claims, question, Issues or errors Which in Practiced Could not be or should not have been raised at trial or on direct appeal."

The Challenge the fact the Petitioner Claim was barred therein his Post-Convictions Collateral relief," To Support that fact, Sonrell's Claim is not barred by resudicata because one has fundmental Constitutional Right to be free of an illegal Sentence Kennedy V. State, 732 So 2d, 184, 186, (1978)(Miss. 1999) (" The right to be Free from illegal Sentence has been found to be fundamental." See also Rowland V. State, 98, So, 3d, 1036, (1996)(Miss. 2012)(" Like a double Jeopardy claim" a claim of Illegal Sentence, or denied or deprived of Due Process in Sentencing also shall be imposed a Sentence illegally with-It's Due-Process. . The Petitioner Seek the relief Vacate, set aside or correct the Judgment or Sentence. .

1). The Trial Court's is in error of dismissing order giving other Claims therein the Post-Conviction Collateral Relief" and Appellant Brief" is prejudicial in the lower Court for relief;

"The Petitioner Claim he was given Time Served of Jail Time Credit Miss Code, Ann. § 99-19-23) on 9/9/1991 and was released from the Hinds County Detention Center on 9/10/1991, is a Federal Violation "See Attached Appendix-N" For evidence's Matter of Fact" "The incomplete Sentence Computation stated Time and 1 yr and 4 months and 27 days" is not a and direct Sentence" when the attached Appendix "M" and "M²" is not an original Certified Commitment Notice Sheet "is ~~total~~ invalid" where Two different Sheets with Two Seperate dates "is proof and evidence of Tampering and altering records of the Court of Justice or Public office" Miss. Code Ann. § 97-9-3) and (2) The attached order is invalidity total, See Attached Appendix-A" To Support that Issue's stands for relief of the Circuit Clerk" violated the within above statute) . . .

"The Petitioner Claim the Issue where the Trial Court deprived Petitioner of his Fundamental Constitutional Rights and Statutory right" to A Fast Speedy Trial and Due Process" when the Petitioner Claim the Issues where the Trial Court willfully and Lawfully allowed the Prosecution (Jamie McBride) To not Comply with the Discovery" Therefore" allowed him to admitt other Bad ACT Prior Testimony" and the Petitioner wife (cassondra A. Ellis) as an eyewitness" when both was not a part within the previous discovery" when the Petitioner was deprived to all Public records and Tapes in which the District attorney Roberts smith and the Prosecution Jamie McBride used within the Trial" See "Access To Public records ACT "Miss. Code Ann. § 25-61-5) grand for relief.)

"The Petitioner Claims the Issues of the Trial Court or Circuit Clerk's and Court reporter or MDOC chive of record "(Gloria Gibbs) failure to Produce any proof of Discovery or docket" therein Cause no. 90-1-442-CRO To Support the Post-Conviction Collateral relief or Habeas Corpus relief and (2) "To Prove the facts and Merits therein the Habeas Corpus relief "Plea Bargaining Discussion between Trial and Prosecutor and attorney's in Case no. 90-1-442-CR) MS. ST. § 43-21-555) and records of an open Confession Pronouncement" in open Court on 9/9/1991, and records of the Plea Agreement was signed by Petitioner of 1 yr and 4 months and 27 days", burden of Proof rely on the state " To Prove beyond a reasonable doubt" in federal or State Court, when each Court's under review "fail to rule on these Issues of deprivation shall be granted" in this honorable Court . . . beyond a reasonable doubt. . . . ›

-22-

1) The Petitioner's has raised forty-sixth Issues therein (Appellant Brief (3-10) whether the state rephrased these fourty-sixth into two Issues" which the Trial counsel or Appellate Counsel fail or refused to enter the other 43 on Appeals . . .

2) The Petitioner Show therein where the Current (PCR) Proceedings a R) 99-19-81 (R. 49-50) In 2011, See Attached Exhibit-A). and matter of fact the Petitioner was deprived of a fair Trial and Convicted on both Counts with insufficiency evidence (CP. 147, 148) not one time his Trial told the Petitioner "he had a Constitutional right to take the stand" See First amend. Const. 1)

"The Petitioner raised the alleged Claim" of the Victim's (T.S.) brother (R.S.) in Terance Earl Ellis v. State no. 2014-M-1189) on August 26, 2014) When the Brother had made an false Statement against the Petitioner; The Petitioner Seek the relief of Confrontation and Cross examination" Deprived the Petitioner of the 6 amendment, otherwise" the Trial Court Violated the Sixth (6) amendment's right's and 2) Violation of Husband and wife Privileges under rule 5.04 and the Trial Denied the sixth motion of Limine, recording exclusion of Test-imony of the Petitioner wife (C.A.E) and ruled of evidence 604, Provided for Spouse Privileges, See attached Exhibit C" every motion was toward the Trial was denied with Prejudice . . .

<u>Challenging effective Assistance of Counsel</u>
    Petitioner Seek the relief of ineffective Assistance of Counsel" therein the Post-Conviction Collateral relief in the Trial Court on several occasion and within the Appellant Brief. The Supreme stated it was Time Barred" and fail to satisfy the requisite Prange of deficient Preformance and Prejudice outline in strickland v. Washington, 466, U.S. (1984)...Case no. 2020-CP-00770-COA).
    Even when the trial Counsel's failure to proper Prepare trial and invest-igate all state witnesses" and (2) failure to subpoena the witnesses to trial in his favor fail to object of the Petitioner Pro'se motions" after the fact he was entitallowed to take the stand to defend himself) and (3) failure to Investigate the crime scene; where the alleged crimes Supposely have occurred at 117 Noel Street, Jackson mississippi, is ineffective assistance of Counsel strickland v. washington 466, U.S. 668, 104, S. Ct. 2052, 80, L. Ed. 2d, 674 (1984). . . .

The Trial Counsel fail to Present Newley evidence' of the Petitioner where she had written on December 8, 2008," stating that she and her exboyfriend Carten had Planed to set her husband up to go back to Prison; meet the requisite Prongs of deficient of Professional Performance" required ineffective Assistance of Counsel Strickland V. Washington, 466. U.S. 668 (1984).

---

"The Supreme Court Panel of Supreme Court Justice" dismissed Petitioner claim (PCR) of illegal Sentence without Preudice", by Law the Petitioner never signed or Consented on waiver in Cause no. 90-1-442-CR on 1991, or Arraigment under 18 "grd. when the state Court failure to Present Proof of Disclosure of original Discovery under rule 17" when the Supreme Court disregraded the fact of The Trial Court deliberately deprived the Petitioner of mississippi' rules of Criminal Procedure therein Cause no. 90-1-442-CR)

under review" this honorable Court shall the fact the burden of Proof rely on the state to Prove otherwise beyond a reasonable doubt" by transcript or oral Evidentiary hearing; and appointed of Counsel" to Prove the facts therein..

[ Challenging The uniform Circuit
and County Court Practice ]

"The Trial Court failure to show evidence of Proof of The Petitioner was taken before on Initial appearance hearing within 48 hrs of the arrest in Cause no. 90-1-442-CR) or arraigment hearing between April 13, 1990 and 9-9-1991." "The sixth amendment Clock begins to tick upon indictment"; when the Trial Court has held that on eight-Month delay is Presumptively Preaudicial in Cause no. 90-1-442-CR) "The Petitioner has no duty to bring himself to court within 1yr and four Months and 27 days," burden rest within the state", to Present" good Cause for "the delay... when the Petitioner was indicted Noy term A.D. 1990.) See' Indictment" attached Exhibit. B) The Petitioner Seek relief" when the State Court Violated the sixth Amendment united States Constitution, U.S. Const. Amend. VI and the mississippi Constitution, Miss. Const. Art. 3 § 26), grands to Vacate.. "Therefore" the enhancement is illegal unconstitutional.).

Petitioner's Seek the Habeas Corpus relief "under review" of the Court of Appeals overlook the issue of Petitioner' right to Fast Speedy Trial is a Constitutional right in both "the Sixth Amendment to the United States Constitution, U.S. Const. amend. VI and the Mississippi Constitution. Miss. Const. Art 3§ 26) was deprived" of and Rights of Accused sides and Jury Proceeding" when the Petitioner was deprived of Confrontation of Cross-examining the Victim's brother (R.S) who made an statement against him, ground for deprivation of Due Process...

Petitioner's Claim the rights of the Constitution of Mississippi "boundaries" of the mississippi in Article #2 under Habeas review" therein this honor District Court' overrule the Supreme Court of Appeals Judgement and decision' on the ground of facts' of the Petitioner Constit-utional was being deprived by the Trial Court's, after the fact of the Trial Court had failed to hear or rule on the Petitioner' Pro se Timely Demands Motions' for on Fast Speedy Trial' was in Timely Demands" when the Appellate Counsel had shown in Direct of Appeal where the Petitioner' had filed Motions after Motion. The first one(1) of July 23, 2009 requested on Fast speedy Trial, and the Second (2) Motion on June 21, 2010 and motion for failure to Provide for Speedy Trial and Third Motion on April 20, 2010" when Appeals Court neglect the Fact of the Petitioner Due-Process was being deprived' on which Violated the fourteenth Amendment's right' after the fact Petitioner had filed' another Fast Speedy Trial Motion on September 2, 2010" and another on January 3, 2011" two months before Trial on march 29, 2011" The Petitioner Seek the relief of deprivat-ion of Constitutional and Statutory right's of a Fast speedy Trial' therein the Trial Court shall be granted in Jesus Name...

The Petitioner Challenge the fact within it's Time requirement" when the Petitioner has not the duty or Authority to bring himself to Trial. Tara V. State, 574. So. 2d, 625, 632 (miss. 1990) (Citing Baker, 407. U.S. at, 527, 92, S. Ct. 2182):

The Petitioner argues the fact of the Trial Court of hinds County Circuit Court willfully and Lawfully deprived the Petitioner of the Constitution right's of Due-Process' Violation of the 4th and 5th Amendment of depriving of Life or Property without Due-Process Procedure of Law" See, U.S. Const. amends. V. and XIV.).

After these issues was raised the Second-Time in Appeals Court and Supreme Court' Appellant Brief's and Post-Conviction Collateral relief therein 'the Supreme Court' and Trial Court is obstruction of Justice" The Petitioner filed on Appellant Brief on June 17, 2021" on the same issues' was barred Doctrine of res judicate (c.p.9), Matter of Fact' the Appeals Court or Supreme Court had know reason to neglect the Trial Court is in error of the HB 1956)

Committee "Judiciary-B" Title" made it Clear "An act of amend Section 99-39-5 and 99-39-27" miss. Code of 1972" to Provide That The District Court for Denial Post-Convictions relief" shall not be Barred to A second or Success, ive Application or motion for relief" when there have been An adoption or enactment of state Law" That would have actually adversely affected The outcome of the Petitioner Convictions or Sentence" when the Trial Court had decide Petitioner Claims" was barred by doctrine of res judicata (C.P.9) when the State is in error." and Previous Appellant Brief and Amended Brief was improperly taken into consideration by the Court's decision and Judgment" by the rights and Laws of the Constitution of the united States" was willfully and Lawfully neglected in both Court of Appeals and Trial Court by Law. . .

    "The Petitioner challenge the fact of the discretion of the Trial Court's neglecting such Plain error's therein the Trial Court" To be grant reversible error of PCR Claims that should not have been barred" and the 1991 Plea" is invalid "was Not Knowingly intelligent involuntary illegal Sentence without any documentation of Proof of Transcript of record of the open Pronouncement of admittings and Confession in open court on 9-9-1991," The Petitioner was deprived of Due Process Procedure" therein Cause no. 90-1-442-CRJ "When the Trial Court deprived the Petitioner of Access to Public record MS.ST. § 25-61-5) of the Discovery and Plea discussion Plea Agreement" is Public records in Cause no. 90-1-442-CRJ in which the Trial Court and Court-reporter have denied such statute of denying Several" requests and motions for these documents that Petitioner have a right to "[ when the Petitioner is entitled to all disclosure of Public record related to 1991 Conviction or Sentence" West's S.A. § 119.01" "Smith V. State, 696, So 2d 414, (Fla. Dist. Ct. App. 2d. Dist. 1997).

<u>IRRELEVANT FACTS</u>
    "IN The Appellate Direct of Appeals of the Convictions and Sentence" which the appellate "Summarized the facts therein the Follows:
        The Victim (T.S.) the accuser was only eight (8) years old and her brother (R.S.) was only nine (9) years on 2008" and Lived at 117 Nod Street, of Jackson, Mississippi" )(
    "The Victim (T.S.) Falsely Claims she told her Mother, the Petitioner Wife" that Petitioner had been entering her room" when both Minor's and Petitioner and his wife (C.A.E)

slept in the Same bedroom" because The Lights and water was disconnected during November and December of 2008," The Cad-defendant the Petitioner wife(C.A.E) did not report an date" in which the alleged crimes supposely have occurred" after the fact the State (DHS) or Trial counsel or arresting officer or Investigator did not entered or investigate the Crime scence", after the fact the Victim (J.S) made an irrelevant Statement stating the Petitioner had Penetrated in her Vagina with his Finger, when Trial attorney failure claved to that fact when the Petitioner had long Finger nail dur- 2008 as well:

The Petitioner wife (C.A.E) claimed" otherwise she did not believe the Victim after the she knew the Victim (J.S.) her daughter were Cable of Living," In Petitioner told the Court and Jury she felt she needed more evidence" when the Victim (J.S.) and brother never told anone at church or school or neighor teacher or grandmother of Such things had accurred and matter of fact The Victim Mather (C.A.E) claimed one evening" is not as specific of date," When the Trial Counsel fail to objection" of the witness Testimony was not based of facts and Truth and (2) The Victim mather claimed the Petitioner reached over her" and reached down on the floor where the victim (J.S.) was sleeping on a pallet and Supposely have Put his hand the Victim Pelwic Area" and she drew nothing The Petitioner seek the relief of Pepuory" and of Living in different shelters within Jackson, Mississippi, when the Trial Cansel foiled to investigate is ineffective Assistance of Cansel Strickland V. Washington 466. U.S. 668, (1984) and alsosee (T. 239) which two different Contradictery Statement's)

The Challenging Monica weathers by "a "Family Protection Special- 1st" with the Hinds County Human Service," never visit the home of the Victim (J.S.) and her brother (R.S.) and mother" at 117 Noel Street" when She was the interview for the Victim (J.S.) and also taken Custody of the Victim after Petitioner wife and daughter and Son Social worker" Set up the C.A.C. In- her out-of-Court C A.C interview" See (T. 239) over hearsay objection" she related what she overheard" the Victim Said at the C.A.C. "Interview" Claim- ed the Petitioner had fondled her" when weathersby was not an qualified as on expert," but her opinion was what she think, is not a fact or Proof, that victim's word or mouth is irrelevant" when The Trail Court accepted as Credible See" (T. 241)...

"The Petitioner Challenging Monica Weathersby opinion evidence "is not conclude about the facts" rather then whats he she saw, heard etc; is unaccepted "only from an qualified expert witness therefore." The Petitioner Seek the relief of unequal Protection of Law of violation of the fourteenth Amendment Constitutional Rights, is reversible error...

The Petitioner argues the fact of monica weathersby only expressed the the fact of the Victim word "when their wesen't any Laboratory report" or Physical examination report indicating the Petitioner Committed the alleged crimes of engagings in Penetration or Physical abuse," Bennett did not find a claim of any type Sexual abuse or fondling worth mention in her written report when the Victim Mother alleged she was abused "is irrelevant fact"See (T. 217) When her testimony Should or was inadmissible"Matter of How Can two individuals Charged of a Crime (felony) and Indicted testify against another" when her charge of child neglect was not dismiss or drop..? "The Petition Seek the relief of Justice"

Apparently the Victim (J.S.) Committed Perjury"MS.ST.§97-9-59) before and during trial"where the victim (J.S.) had told Kimberly Smith" who was a" Therapeutic Foster Care Therapist" and the Victim (J.S.) was in the foster care" her testimony that "the Victim Plainly told her she had been raped." was also objected to hearsay;

The Trial Court accepted"Scott Benton. M.D. was used as An qualified expert" which explained to the Court and Jury's the absence of any physical evidence". "The Petitioner trial counsel fail to Motion for dismiss of or Lack of evidence;. "The Petitioner Between Nov.1-3b of 2008 and December 8, 2008" The passage of Time"in which the State or Prosecution Claim" was never existed or did happen" When the Jury decision and Judgment shall be overturned (See (T. 411-418)

The Petitioner Seek the relief of the Victim statement was not a fact or Direct "Therefore" Petitioner the Victim was indirect evidence". On and ago in the Victim Claim she was touch is an Contradictory, Violated Rule "7.06" therein the Previous Indictment is fatal "improper" When it failed have the exist date "and applicable" the time at which the offenses was Committed" as An essential element" on the Cause no.90-1-442CR Indictment is not A True Bill of Indictment MS.ST. § 13-7-35) both Indictment's failed to have the motive, Intent, of Seriously bodily injury is a part Jury Instruction and essential elements required by Law...

-28-

The Petitioner Challenging both Indictment, Attached Appendix-1 and Exhibit-B, when the Petitioner was not Knowingly intelligent, when the Trial Court fail to show Proof of Petitioner Signed on waiver or Consent, through the Supreme Court, The Seek the District Court to grant an orally Evidentiary Hearing in results of State and the Petitioner will have all opportunities to Prove himself) under Entry of Pleas rule 8.04) when there is evidence of rule and Procedure is which the Trial Court have violated of the uniform Rules of Circuit and County Court Practice... in Cause no. 90-1-442-CR).... The Petitioner Seek Justice within this honorable Court to grant on motion To Vacate Conviction and Judgment and Rule 5 Arrest and initial Appearance of Miss. Rules of Crim. Practice).

"In response of the Appellee Brief" therein the Court of Appeals, the victim (I.S.) was interview by Rachel Daniel" who Claim she was the Program Director of the Mississippi Children's Advocacy Center (C.A.C.) in 2011) also Present at the C.A.C. Interview was Latosha Holmes" Claimed to have two(2) Positions, A Child Protection Investigator and a Law enforcement officer" with the _____ third Counties sheriffs department"... The victim (I.S.) Later authenticated the out of Court video Tape of the CAC Interview at Trial" Dr. Scott Benton from the university of Mississippi Medical Center examine the victim (I.S.) Indicating their wasn't any Physical evidence of Sexual Battery or engaged in Penetration or Physical abuse" when Kimberly smith" With the Mississippi Children's Home Service" testified that she had Provided therapy to the Victim (I.S.) after the fact there was any evidence to Prove each crime was actually Committed beyond a reasonable doubt" The Petitioner Seek the relief of the victim (I.S.) and her mother Committ Perjury under oath of falsely accused and falsely imprisonment)....

"The Petitioner challenging the fact of 1991 illegal Victim (Shankia Conley of an alops expired Tender of Years" was allowed to be convicted witness given an unconvicted testimony" violated the rules of evidence" under rule 6.09) and a 1993 illegal victim in Cause no. 93-2-18-CRR8 transcript read it to the Jury" when the Petitioner nephew Clifton Ellis refused to show or Appear before trial" because he felt that he did not have anything to do with Something he did not See" because His mother (Veda Ellis) forced him to use false accusation

against his uncle in 1993; see attached Exhibit - (A), where is not a True Bill of indictment MS.ST § 13-7-35) Shall be endorsed by Law"; The Previous indictment failed have and date; of the crimes occurred or offenses was alleged to have been committed, Violation of Mississippi Rules of Criminal Procedure under Rule 14.1 Nature of Contents

## Defect in Indictment's

(A)  "The Petitioner Challenging under Habeas review of amendment of Indictment in Cause no.90-1-442 CR" is Defective invalid" under Rule 14.4", where the State Shall show good cause shown" where the enforcement Sentence shall be amend as to form of the Substance of the offenses charged" Amendment Shall be allowed only if the Petitioner was afforded a fair opportunity to present a defense" that is an unfairly Surprised...

(B) Raising Defect in therein attached Indictment's; by granting the relief to raise by by this Motion of Post-Conviction Collateral Relief), Indictment's which fails to allege all essential element's of both crimes run afoul of federal and State Constitutions and is Void; Thomas V. State, (Miss. 2013) 126 So. 3d 877). Comment'

No Person shall be held to Answer for a Capital or otherwise infamous crime;" unless on a presentment or Indictment of the grand Jury".. "U.S. Const. amend. V. See also Miss. Const. art. 3, § 27)

Rule 14.4(a) allows an Indictment to be amended as to form only upon a Showing of good Cause" under review.

"The Petitioner seek under Habeas Corpus review" under rule 14.4(b) Issue's Previously raised by Petitioner or Motion to quash the Indictment's shall be brought in a motion to dismiss the Indictment's" which the Petitioner objects to the Composition of the grand Jury"; "The Legal insufficiency of, or a defect in, the Indictment" or the failure of the Indictment to charge a Lesser offense..

"The Petitioner Challenging the Prior enhancement" Indictment "in Cause no.90-1-442 CR' of the Petitioner 1991 Court appointed Attorneys waives the 1990 Indictment by sworn Statement in writing" according Rule 14.5) waiver of Indictment, Proceeding by Information" under Miss. rules of Criminal Procedure....

## Standard of review

Under Habeas Corpus review"; "The Prosecution Attorney Jamie McBride and District Attorney Roberts Smith "Failure to Complied with the Discovery"; offering insufficiency evidence to the Jury" is an plain error" aid not support the Convictions" even when the District Attorney and Prosecutor's Jamie McBride and Government exchanged Leniency for testimony" with the Petitioner wife "when she was not a part within the Discovery" she was an eyewitness" Violated the federal Law.

The Petitioner Seek burden of Proof still relys within the State to Prove the Petitioner engaged in any kind of Sexual Penetration or Sexual Battery or Physical abuse was indicated or committed 'beyond a reasonable doubt.'

Under review' the Supreme Court "Fail to rule" when the Trial Judge allowed the Prosecution attorney to not comply with the Discovery Committed and lawfully 'errorness" in violation of the Miss. rule of Criminal Procedure and Fed. Rule of Crim. Practice' by 1993 "Transcript read to the Jury"; violated the Sixth (6) and Fourteenth amendment's of Cross -examiner Confrontation Clause' and was derived of Due Process...

## "Summary Of Argument"

The Petitioner Summary the fact of the Government used insufficiency evidence from 1990 and 1993 and within the Previous Cases, for the third or fourth Time and new raising the Second Time within an Habeas Corpus relief of the Uniform Circuit and Court rule 7.06') is not an unanimous decision" when the Indictment's are Legally defective by Law.

Petitioner Summary the fact of the Hinds County Circuit Court "is unclear of the 1991 Plea or sentence" of the 1991 Sentence or conviction" or Indictment is not a true Bill Indtment' Nor the 1991 Sentencing order' or Notice Commitment Prisoner notice' is invalid" See attached Appendix's M' and M² and M³) Two different dates' in Appendix-M² and M²) does not have the statue of Sexual Battery's is not on Certified Prisoner Commitment notice in Cause no.90-1-442-CR)

The Supreme Court had forwarded on response to the Petitioner" after to fact the Trial Court had denied his Motion To Vacate Sentence or Judgment or Indictment or Judgment" and forwarded on response to file an Brief 'to seek relief' The Petitioner Seek an habeas relief of an oral Argument Hearing and Appointment of Counsel' therein Trial Court...

"The Petitioner Justice to the fact of the Petitioner Innocence on all Charges beyond a reasonable doubt' under Miss. Habitual offender statute" when the Trial Court Proceeded on federal rule of Criminal Procedure 22(1) is being Violated

Under review" within the Habeas Corpus relief; The Petitioner claim the Trial Judge conversated with both the Trial attorney and Prosecution Attorney on march 30, 2011 during Trial' at the witness stand and told them that their present any sufficient evidence" Concealed enough to Convict the Petitioner" after the fact of the Trial Counsel fail to object on the stand of an Mistrial or ~~acquittal~~ acquittal right there" is ineffective Assistance of Counsel, Strickland V. Washington, 466. U.S. 668. (1984)...

- 31 -

"The Trial Judge" the allowed the Prosecuter Jamie McBride "to Present an out-of-Court C.A.C interview Vedio Tape to the Jury" after objection" even the Trial Judge errored" in allowing the Prosecutor's to not Comply with the discovery" deprived the Petitioner of equal Protect of Law and Violated the amend 14.

"The Prosecuter Conspired the Trial Judge into allowing him use 20 years Prior [B]AD-ACTS Testimony of 1991 of Cause no.90-1-442-CR1 for witness against Petitioner at Trial" under rule 7.09 unto the Jury" and the Trial Counsel deprived the Petitioner right to take the stand," The Fifth Amendment guarentees criminal defendant" an unqualified right to choose whether to testify at trial and at sentencing" See Harris v. N.Y., 401 U.S. 222, 225, (1971).

"The Petitioner Argues the abided Citizen" "Ms. Bennett" admitted" under oath on the witness stand that she was a non-qualified Profession' License expert" witness" without the Proper reliability determination" when the Trial Judge should have recommended An evidentiary Hearing, Mukhtar V. California university," Haywood, 319 F.3d, 1073 (9th Cir. 2003) To remand for evidentiary Post-Jury or Jury order on 1991 undermine" when the Petitioner requirement that same reliability determination should have been Made by the Trial Judge (Before the Jury was Premitted to hear the non-evidence" otherwise" instead of fulfilling it's Mandatory role a Gate Keeper." The Trial Court willfully Clouds it's duty to ensure that Lack of Physical evidence Presented with impunity.

The Petitioner Argues that Trial Court is in error" by allowing such error of the Prosecution attorney to Present an out of ~~First~~ Sight" out of mind" evidence to the Jury and Public" instead of the Main Laboratory reports and or biological DNA-Testing on both the Petitioner and Victim (I.S.) which would have given Some Concret evidence" that would determined whether these so call unqualified expert's testimony was irrelevant or reliable, Therefore" the Trial court should have considered directed on entry of Judgement as a matter of Law "Even when the trial Court had included "Contradictory Statement of Prior elaps expired [B]AD-ACTS Testimony as evidence" without Properly determination reliability . . . . . . . . . . . .

<u>The Seek Justice of Seek on the based Corpus relief" there in this Honorable Court motion for relief</u>

Petitioner Seek the Habeas relief on Miss. Code. Ann. § 99-39-5) Motion for relief to file on motion to Vacate and Set aside or Correct the Judgement or Sentence" A motion to request forensic DNA-testing of biological evidence when claim,

-32-

A.) That the enhancement Conviction or Sentence was imposed in properly Violation of the Constitution of the United States or the Constitution of Law of Mississippi).

B.) That The Trial was without Jurisdiction to impose the 1991 Sentence;

C.) That the statute under which the Conviction and/or Sentence was obtained on 9-9-1991 is unconstitutional.

D.) That the 1991 Sentence exceeds the Maximum authorized by Law;

E.) That the exist of material facts/Not Previously Presented and heard that requires Vacation of the Conviction or sentence in the Interest of Justice;

F.) That there exist biological evidence Secured in related to the investigation of the Prosecution attendant to the Petitioner's Likehood or more Probative results, and the testing would not have been Convicted or would have received a Lesser Sentence if favorable results had been obtained through such Forensic DNA. Testing at the Time of the original Prosecution.......

G.) That the Petitioner's Plea was made involuntarily.........

H.) That the 1991 Sentence has expired Petitioner Probation Parole or Conditional release unlawfully revoked or Petitioner is otherwise unlawfully held in Custody...

I.) That Petitioner is entitled to an out of time Appeal; or

[ The Trial Court and Prosecution failure To Comply
With The Discovery.

    The Petitioner Seek the Habeas Corpus relief on the ground of the Trial Court allowed the Prosecution to NOT comply with the applicable Discovery rule on order Issued Pursuant thereto: During the Trial, The Prosecution introduced evidence which was not timely disclosed to the defense as required by these rule 9.04 and Rule 9.05 when the Trial Counsel objected to the Introduction For that reason when the Trial Court failed to act as follows:

1.) The Trial Court allowed the Prosecution to show an out of Court (C.A.C.) Interview of the Victim (I.S.) Video Tape, on the Last day of Trial on march 31, 2011, which the Trial Counsel objected to the Petitioner Wife Testimony as an eyewitness" when she was not within the Discovery as an eyewitness, therein applicable discovery rule, The Petitioner claims an unfair Suprise or undue Prejudice...

Therefore" the Petitioner is entitled to disclosure of public record related to the 1991 and 2011 Convictions" West's F.S.A. § 119.01" Smith v. state, 696. So, 2d, 414, (Fla. Dist. Ct. App. 2d, Dist. 1997); The Petitioner Seek Habeas relief to grant injustice and obstructed Justice an Miscarriage of Justice therein the Hinds County Circuit Court; in the Previous case" Violated the amend 14. of each Protection of Law" and deprived Petitioner's of Due Process" right's of the Constitution therein this case is ground for relief & dismissal of all Charges and grant relief Sought...

Under review" After reviewing the facts an evidence of The Jury's was misleed by improper Jury Instruction" that the decison was not based of Proof or facts of the essential element's that was the Indictment" of what the Petitioner was tried an engaging in Sexual Penetration with an an Minor, who testimons did not support that fact of committing such crime" Or Physical abuse was not proving By any physical evidence" beyond a reason-able doubt" when the Petitioner was Convicted an insufficiency evidence" when their wasen't any proof of evidence Discovered" by the state or Pros-ecution or Docter or expert to be a fact of the Petitioner actual Commited these alleged crimes, wherefore" this shall overturn the Verdict on the grounds of the Trial will fully mislead the Jury" when there wasen't any evidence existed" That's why the Trial Court allowed" the Prosecuter Jemie McBride not to Comply with the discovery" when there wasen't any Concret evidence to Convict the Petitioner" beyond a reasonable doubt" when the Government have Violated the federal Law" of making such deal with Petitioner Wife (C.A,E) of Granting leniency for the Petitioner wife" Testimony" is not Legal, when the District Attorney Roberts smith violated the federal Law" when the witness (Petitioner wife) had charges pending and was Indicted of a crime" when two wrongs don't make a Guilty Verdict" after the fact" the Jury decision shall be overturn, on the ground that the Petitioner is not guilty on all Charges.

The Petitioner's Seek an Habeas Corpus relief' an the within Proof of facts for a new Trial or In The alternative Judgment with-standing the Verdict shall be reversed or overturn" When the Verdict was not an unamious Decision" Base on insufficiency evidence" " That was against the overwhelming weight of Testimony that the witness gave under rule 104 Perliminary question under Fed. R.

-34-

Proc; And rules wherefore "allowed Prior expired elaps Testimony is" regarding alleged [B] AD-ACTS From that witness was used under rule of evidence rule 6:09 tender of Years accention" and Contradictory statements from the Victim during Trial" is not a fact of Proof" was not credibility evidence" nor was the victim's testimony supported the Conviction when her state-ment had not truthfulness, that Proven the Petitioner engaged in Sexual Penetration or Physical abused her beyond a reasonable doubt ... ~ ~ ...

## whereabouts

"The state never Proven where the Petitioner was between November 1-31, 2008, when the victim's and her brother (R.S.) and her mother (C.A.E) and the Petitioner; were at the Hinds Community Health Center" Children's Clinic with (J.S.) and her brother (R.S.) during their Appointment on November 14, 2008", when the Trial Counsel failure to investigate that to be true" when was lack of Concern and Interest" when it's would have shown the the state Court both minors was examine before the unversity Medical Center taken part in examinens the Victim is a fact of new/ldiscovered evidence of the Petitioner did not harm or assaulted the Victim or the mother, beyond a reasonable doubt." Robinson V. state, Supp. ct. of mis April 1, 19, 2018, 247, So.2d, 1212, 2018, WL-18-20011-KA-01038-SCT) ...

*Challenging failure to Present Access To all Public records and disclosure documents

"The Petitioner claim' to filed on Civil Action Suit under Thomas Ear L. Ellis V. Roberts Smith, and Zack wollace, and France Ashley and plain Laboratores and dept of Archives History and Alice Box Chief of records (MDOC), Civil Action No: 25 cl1: 21-CV-206", Therein the Chancery Court filed on December 15, 2021 requesting Access to all Public record under Miss. Code Ann, § 25-61-5)

[Hinds County, Mississippi First Judicial]
[District.

"To Prove the fact of these Defendent's is withheld in disclosure documents and records and transcript if exist" that will Lead to the Petitioner innocence, "The Trial Judge or circuit Judge that was to handle the above Matter, was order of recusal on December 2, 2021, See attached [ ] Appendix-11, for evidence to support why the Petitioner was

Guilites, by not have the proper records copy of the Video Tape and disclosure records in Petitioner defense, and the Petitioner Appointed an Special Judge on December 15, 2021, No. 2021-AP-01357 therein the Supreme Court filed Dec. 15, 2021 Doc #7, See attached Appendix-12).

The Petitioner have not received an response of the request with in that Suit, This honorable Court shall Seek Justice when the Petition is falsely imprisonment, The Trial Judge "Tommie T. Green" Conspired with the Prosecution Jamie McBride to entrap the Petitioner of Guilty" Plus she made Kurel remark of Prejudicial remarks against the Petitioner During Sentencing on March 30, 2011" See (T. 476-12-17) is reversible error...

<u>Trial Judge Stated:</u>

"I Know that Prison is a Horrible Place to Spend the rest of your Life" But "Mr. Ellis" You, will spending the rest of your Life there" "If this Court has anything to do with it" because that's the one Place where there will not ~~be any~~ childrens or women for You to injure; See (T. 476-12-17). ground for relief....

The Petitioner seek the Habeas relief of the Trial Court deberred the (PCR) Petition' when the enhancement Sentence illegal unconstitutional" when the Appeal Court have over looked that fact, when the state ~~still have factual~~ ~~●~~ The 1991 Plea is Legal "otherwise" The burden rely on the state of proof of original Documents or transcript "beyond a reasonable daubt" when the (MDOC) Custodians (Gloria Gibbs) fail to Appear at the Bifurcated Hearing to prove the 1991 Conviction', by records and transcript" equivalent evid- entiary ~~weight~~ by statute" De Bussi V. State (miss. 1984) 453 So, 2d, 1030).

The Petitioner Challenging the Trial Court and Supreme Court decision and Judgment of the 1990 Indictment is not an True Bill Indictment Ms. ST, § 13-7-357) Therefore "it is improperly invalid" by the statute Miss. Code Ann. § 13-7-357), deserve a relatively board standard or review by the Appellant Court, when the Least Sufficiency of the enhancement shall be reviewed De NOVO........

under The Habeas Corpus review" The Trial Court Summarily Petitioner (PCR) Petition without an response from the State (C.P. 8.9)", when the Trial Court is in Contempt" which the Supreme Court neglected of the fact the stated disobeyed an direct order (such response See Skinner v. State, 270, So. 3d. 1046, 1082)) also See attached Exhibit-E) To support that fact.)
(Miss. Ct. App. 2018)

[ Trial Court Deprived Petitioner of
Initial Appearance Time Limit Rule 6.03 ]

The Petitioner Seell habeas Corpus relief of the Trial Court to show Cause of Proof of evidence of Document or Transcript in Cause no. 90-1-442-CR) That Petitioner had on initial appearance within 48 hours of his arrest on April 13, 1990, uniform rules of Circuit And County Counter Practice under rule 6.03 of Initial appearances" To Prove the fact that the lower Court is in error of violation of the Mississippi rules of Criminal Procedure" Therefore The Trial Court deprived Petitioner of Due Process, Between the Petitioner Arrest on April 13, 1990" in Cause no. 90-1-442-CR) and September 9, 1991 when the lower Circuit Court of hinds County imposed an illegal Sentence or conviction without Petitioner appearing personally to admit or Confess to Crime of Sexual Battery on 9/9/1991" on record or Transcript. . . or this honorable Shall grant the relief of Evidentiary Hearing). . .

The Petitioner Seek Justice of the relief the lower Court deprived the Petitioner of Due Process by failing to give an arraignment with the time required by Law under rule 8.01" in Cause no. 90-1-442-CR) when the Petitioner shall be held Perliminarys Hearing" within thirty (30) days after the Appellant is Served with the Indictment in Cause no. 90-1-442-CR). Therefore The State Shall Show Proof of evidence The Trial Court enter an order Setting a date for Trial" within the one(1) Year and four Months and twenty Seven (27) days was Served in the Hinds Detention center

[ SHOW CAUSE of Continuance ]
DELAYS

The fact of the State fail to Show of Proven any documentaties of any Continuance's granted "between April 13, 1990 and September 9, 1991 in Cause no. 90-1-442-CR) by a written order, Setting forth the reason for the Continuance's "when the State Court failure to brings Petitioner to within eight Months, no Later than two hundren and (270) days following arraignment). grant for relief of Motion to Vacate", or reversal which the State Court have Violated the federal Statute on Miss. Code Ann. 1.99-17-1). . .



"There are Sudden facts and Issues" The Supreme Court Look over, when the Petitioner was un knowing Intelligent or Voluntary made an open Plea in OPEN Court on 1991, Therefore "The Petitioner request for relief of the State Show Cause of record and Transcript of Certified Judgement of Conviction on 9-9-1991, in Case NO 90-1-442-CR) under uniform Circuit and Counts rule" and mississippi Rules of Criminal Procedure and Federal Criminal Practice Rules Provide Safeguard on the Issue).

Petitioner Challenge the State' who rules Mandate that Sentencing Judge William F. Coleman" must show record where he personally discussed Certain Matters within Court on 1991" or the State) ("The State must Prove where the sentencing Judge ask Petition Certain question and response in open Court" Do You understand that are waivers your right to Trial" or Do you understand that you are waiver Your right to have evidence Presented against you and for a Jury To decide your innocence or guilty" The Petitioner Seek habeas relief of Discovery & Public records therein the within above, when the Petitioner have Proven the enhancement Sentence or Conviction is invalid. . . .

"The Petitioner Argues the requirement entering the Plea" Rule 11 requires that the term of the 1991 Plea Bargaining disclosed in open Court" when an agreement reached or upon Showing of good Cause" in chamber at the time the 1991 was offered" Fed. R. Crim. P. 11(6)(2); MCCarthy V. U.S. 394, U.S. 459, 464 (1969) (Rule 11 was Violated because the 1991 Judge imposed an illegal Plea with Personally addressing Petitioner) or discussing ter in Plea agreement and determining that Plea was Voluntary) . . .

Under the Habeas Corpus relief' the Petitioner Seek the relief of the trial Court errored involving Prosecutorial misconduct shall be granted "by substantial and in-jurious affect or influence in determining the Jury's Verdict, Brecht V. Abrahamson 507, U.S. 619, 637 (1993) . . . . . . . . .

[Petitioner Challenging the 1991 illegal improper Sentence]

The Petitioner was given Time Served on 9-9-1991 for Jail . Time Credit for Jail Time Served MS. ST § 99-19-23) When it was not Styled in the order attached Appendix-A°) nor in the incomplete Prison Commitment notice. See Appendix-M¹ and Appendix-M²) Time Served was offered therein the Sentence Computation Sheet, See attached Appendix-N) is an ___ Contradiction," IF the Petitioner were Issued Time Serve on 9-9-1991, The Petitioner Seek relief of the release discharge Papers from the Court and the Hinds County Detention Center, Plus the Petitioner released on 9-10-1991, Violated Federal Law . . . . . . .

~38~

Under Review: The Trial Court Summerily Petitioner (PCR) Petition with-out an response from the State (P.8.9): when the Trial Court is in Contempt under Rule 32" in violation of ▓▓▓▓▓▓ rules of criminal Procedure

[ Challenging The Pronouncement of Judgment and Sentence ]

The Petitioner's Challenging the fact of the Judgment Shell be Pronounced in open Court at the Plea on 1991" in the Presence of the Petitioner" (unless waived Pursuant to Rule 10.1(b), and recorded in the Minutes of the Court" in Cause no.90-1-442CR) The Petitioner Seek Habeas Corpus relief of Motion To Vacate Judgment and Sentence MSST-RCCCP. Rule 25.2).

(b) Pronouncement of Sentence: In Pronouncing Sentence in 1991, The Trial Court Shell.

(1) offered the Petitioner an opportunity, Personally and/or through the Petitioner's Trial Prior Counsel "To make a statement on the Petitioner behalf before imposing the 1991 Sentence on Transcript or record.

(2) State that a Credit Will be allowed on the Sentence, as Provided by Law, For Time during which the Petitioner had been incarcerated on the Prior offenses; and

(3) explain to the Petitioner the terms of the Sentence on 1991," otherwise the Petitioner was willfully and Lawfully deprived of Due Process in Cause no: 90-1-442-CR), between the Arrest and Sentence, that it might be Sentenced under the Statutes Sollie V. State, Sup.r. Ct. of Miss. March 8, 2016, 237, So.3d, 749, 2018, WL-1193952-2015 CT-00819-SCT) when the Petitioner have Suffered Prejudice...

(4) The Trial Court is in error in allowing Hearsay evidence as proof before the Jury's over Objection of the Petitioner.

(5) The Trial Court impermissibly allowed expired clone Prior [B]AD ACTS Test-imony as witness before the Jury's...

Therefore, the Petitioner Seek the Habeas Corpus relief, of improper Test-imony from such out of Court-CAC interview, Which the Prosecution used in steed of Proof of facts under Miss. Rule of evidence 8.01(c).. The Petitioner Seek the relief for a New Trial...

[ Improper Jury DECISION
and Judgment ]

"The Petitioner Challenging the Jury's decision and Judgment of fail To find the Petition guilty when there wasn't any Concret Proof of engaged the Petitioner finger in his stepdaughter (J.S) the Victim" Pryocus erred when the Prosecuter or state fail to investigate the fact of the Petitioner had Long Fuse emails during the Time he was accused of Rape" or Phssical abuse" beyond a reasonable doubt; when theire wasen't any motive & Intent" involved or Proven beyond a reasonable doubt, with insufficienty evidence" when their wasen't only Legal evidence of abuse of a Vulnerable" Victim and not defendant" that was required Proof of the Petitioner Committed these alleged Crimes", when Sexual Battery did not have a Similar requirements Simoneaux v. State, 2009, 29, So, 3d, 26) when their wasen't an Laboratory report to support the Biological DNA-testing generated by the tested evidence". when their was any evidence or Physical to support the fact of what the Petitioner was actually accused of engaged in Sexual Penetration and Physical abuse" shall be grant the relief of reversal and (2) That Petitioner Challenging that Venue for the returned by the state grand Jury" the impaneling Judge fail to select the Proper Counters in which state and Petitioner May received a fair Pretrial Hearing or Arraigement Hearing under rule 8.01) Therein Cause no. 09-504-02-CRG) Before the alleged Trial Court an improper illegal involuntary Plea was imposed" taken into Consideration the totality of Circumstances of the enhancement Sentence or Conviction is illegal unconstitional).

"In related to Page (30) of the Last Paragraph of the Circuit Court of Walton County" Laura Melvin J. Credit defendant's Sentence for time defend, aint Served Since arrest" But resentencing from erronquesly Credit him with only Part of the Time; The District Court held that a Circuit's oral Pronment that defendant Cwould receive Credit for Time Served Since (1993), "The Petitioner Seek Habeas Corpus relief of Post-Conviction collateral relief; for Motion To Vacate Indictment in Cause no. 90-1-442-CR) . . . .,

[ Facts of Background ]

Petitioner's Pro'se Claim of not-guilty on all Charges and is wrongfully termination of entrapment" Malicious District Attorney Ed Peterson intention of emotion distress of injustice Violation of the Fourteenth amendment which deprived the Petitioner of Due Process Clause and Procedure therein Cause no. 90-1-442-CR) of an invalid Sentence) (citing Rowland v. washington, 98, So, 3d, 1032, (2012) when the state is without authority to impose an illegal Sentence" without Petition Presence on 1991" is a fact illegal without Due Process" U.S. Const. amends 5, 14, West's A.M.C § 99-39-21(1) . . . .

under review" The Supreme Court overlooked or arent relied of the Trial Court willfully deprived Petitioner of Due Process of Depriving an Initial appearance in case no. 90-1-442-CR "under rule 6.03 after the arrest without an unnecessary delay within 48 hours and (2) Petitioner have Proven in just ice therein the Hinds County Circuit Court by the honorable Court recommending" when the victim first claim she was rape" and during Trial repeatly accused the Petitioner such crime of rape" when the Petitioner was Tried on sexual Penetration and Physical abuse" (3) "The state and District attorney Roberts Smith And the Trial Court Acted with indeliberate indifference" when the Victim's (I.S.) statement or ~~other~~ testimony did not support the Convictions of Proven Petitioner actually committed the alleged Crimes, See" (I. 175-No. 25) and see also (I. 441-9-12)...........

When the Trial Court have committed an harmless error" allowing the Prosecution to not comply with the Discovery and use [B] AD ACT expired elaps Prior Testimony of Tender of Years acception Violation of rules of evidence under rule 6.09 Tender of Year" when the Supreme Court disregarded in the PCR Petition" is reversible error...... 

Petitioner request an Habeas Corpus relief of three (3) charged is being falsely imputed" when the trial Court Lawfully deprived Petitioner of equal Protection of Law" and Due Process, and access to all Public records and disclosure on a biological DNA-Testing and deprived the minor (victim) of her Constitutional right of an youth Court Hearing. Therefore both Indictment's failure have the Correct essential elements of seriously bodily injury or Motive, of Intent, and Consent" when the Trial Court improperly Instructed the Jury of specific evidence and element" when the state or District attorney fail to Prove this case by Physical evidence beyond a reasonable doubt, See, Speedy V. Scott (SMITH. 2011) 787, So. 2d. 626, (Liable and slander 76)...

## Challenging Improper Jury Instruction

The Petitioner's Challenging into the Nine (9) attached Jury Instruction Therein attached of The Trial Judge Submitted was shifted the burden of Physical evidence when their was original original evidence. With the Discovery" was Proof of finding the Petitioner guilty or Innocence) from the Prosecution who did not Prove the fact of Proof of Guilty" beyond a reasonable doubt) The Jury Instruction was unbalance" when the Jury was unfairly imply the "...

Guilt of Petitioner or other Presumed Knowledge" This honorable Court have review the evidence & entrapment or duress or Any defense that is not a part of the defense Case . . . The Petitioner Seek the relief of Justice . . .

"The Supreme court have ruled" on Lesser included offense Doctrine develope a Common Law to assist the Prosecution Case related", where the evidence fail to establish the original elements therein the ~~other offenses~~ It is now beyond dispute that the Petitioner is entitle to an instruction of an Lesser included offense" when the expired elops Prior [B]AD ACTs of Tender of Years Testimony "direct the Jury to guilty", when an Lesser offense and acquitt of the greater See "Keeble V. United States, 412, U.S. 205, (1973) . .

Petitioner Move this honorable Court for relief of the evidence be question of entrapment is an Conflict, Presents on Issue on facts, that should go to the Jury on A proper Instruction" Sorrells V. U.S. 287, 435 (1938). and the Petitioner is entitle to Jury Instruction on entrapment where their is sufficient evidence on entrapment" Even Petitioner denies one more elements of the Charged offense Mathew V. U.S. 485, U.S. 58 (1988) Accomplice Instruction shall be given at the request of the Petitioner" when Prosecution or District attorney Roberts Smith relies on uncorroborated accomplice testimony, U.S. V. Berrial, 814, F. 2d .175, (5th. Cir. 1987) . . .

"Summary of The Argument"

"The Petitioner's Summarize the fact of the opinion "the Trial Code made two (2) erroneous Legal conclusion Long the was Misapprehends some of the facts". The Victim (C.S.) out of court Statement" recorded is inadmissible to have been accepted by the Trial Judge as ID purpose was not Supose to admitted in deliberation room as evidence" when it was not deposition". The fact was the Victim statement alleged hearsay recorded was not to be sent back to the Jury room affirms that it was not admitted into evidence under U.C. C.R. 810, Lead the Jury to Guilt) which was not a part of the Discovery . . .

"Therefore" was not a part of Public record", and the Petitioner Seek Habeas Corpus relief of access to all Public records of the enhancement and disclosure and all records and Copies of Vedio Tape recorded and and record of the Deal was made with Petitioner Wife, when the Government Violated the Federal Law" See (T. 457-15-20) . . .

- 42

The Petitioner argues Probable Cause/or reasonable Suspicion of the investigation Lastha Holmes or state (DHS) failure to conduct an Lewd Search and Seizure at 117 Noel Street of Jackson MS 39202 Id. Therefore" The Jury Instruction were error" Because the Trial Court allowed a Conviction without an proper investigation of Proof of guilty" Pilati V. State, Not reported in Fed. Supp. 2016)

The Law enforcement Lastha Holmes or Children's Investigator from the HCDC failure to read or warn the Petitioner of his Miranda Rights during the arrest and during Custody, Violated the Police Procedure and deprived the Petitioner of Due-Process of equal Protection of Law, And during Trial the Prosecutor willfully Commented on Petitioner exercising of his Constitution rights to remain Silent" is an fundamental rights:

In relevant to Summary of fact on Page thirty four (34)" The out of Court (CAC) Interview is forced" the recorded statement was not Previous offered therein the Discovery" as Id Purpose or into evidence" and was not Suppose to be accepted into evidence or told at all" Thus" it was An harmless error" for the Vedio-Tape to be Played To the Jury" Therefore" This Court should grant the relief of overturning the state and Supreme Court Decision" when the Jury Premised its decision from the Vedio-Tape" as In the first Appeal Brief" The Instance of Something that was not in evidence be Submitted to the Jury" Law exist "The Court of Appeals Correctly notes that Gardner V. City of Tupelo, 76. So. 2d. 204, (miss. App. 2011) is not a Criminal Case, It was" However" Cited for the broader Legal axiom that No Decision Should be Premised on Something other then Physicial evidence" Make Clear" it is wrong for Jury to Consider any thing not Properly before it as Physicial evidence).

"It was Very rude' by the Prosecutor' Comment upon arrestee's during Trial" in vocation of the right to remain Silent" is reversible error, Quick V. State, 569, So, 2d, 1197 (miss. 1990) and Griffin v. State, 557, So, 2d, 542, (miss. 1990) The Court's reliance on Smith v. State, 90. So. 3d 1 22 (miss. App. 2012) is Mis-Place, During Trial, The State. Merely asked if the Petitioner had been "anytime' Contact between November and december 30, 2008" Here' the state if the Investigator or Law enforcement officer' had spoken" with Petitioner in regard to the allegation of abuse" her response' was Yea or nea" Non responsive' of the Miranda Rights before or taken into Custody. automatic deprived the Petitioner Due-Process and Accused's Post-Miranda Silence, Quick v. State, 569. So 2d 1199, (miss. 1990.) Violation of the Petitioner Constitutional Rights to remain Silent....

## Challenging The Evidence

"The Petitioner Seek the Habeas relief" to Challenge the Trial Court "Certified Judgment of Conviction and rulings of records and transcript" Therein Thomas Earl Ellis v. State, Cause no 90-1-442-CR) where the trial Court have denied Petitioner the opportunity to locate or reconstruct the right's to Access of Public records Act, M.S. ST. 25-65-3) of the Petitioner Prounouned on guilty Plea in open Court on 9/9/1991) and Produce equivalent Picture (Mood) where Peculiar Circumstances include Lack of evidence" when the Trial Court Fail or refused to Produce Docklet sheet or Discovery" or Transcript" therefore the Petitioner Seek the Habeas relief "to obtain or oral Evid- entiary's hearing to review of the facts and Merits to Vacate, West's A, M, C § 9-7-128)(1985) Rules App. Proc. Rule 10 (i) See Chapman v. State, 167 So. 3d, 1170" (2015) (The Petitioner claim an illegal Sentence or enhancement) . . . .

"Therefore" when the Petitioner is Lack of records or access to the tran- script" is impossible to address the merit of the Petitioner claim, and ineffective assistance of Counsel" by Lack of Access of Public records, The Petitioner attribute to the District Court that he was deprived of the right to access of Public records" and Constitutional right's and Statutory Rights and to review of Merit of his claim on (PCR) given that that is statutory duty to Preserve Petitioner which is essential to Virtually Post-Trial Proceedings" the absence of the Petitioner 1991 Conviction is violation of ~~████~~ ~~████~~ Petitioner Right to Due-Process" See Misc. Code Ann. §9-7-128(1985). . . . . . .

Error affecting of depriving the Petitioner of the fundamental Constitutional right's accepted from Procedure Bars of the uniform Post-Conviction Collateral relief ACT (UPCCRA). Bell v. State, 2012, 95, So 3d, 760) and Habeas Corpus relief" The state or Government shall Prove the 1991 Conviction "beyond a reason" able doubt).

The Court of Appeals fail to Consider the facts of the Merit therein the App- ellant Brief Claim that enhancement Indictment is not a True Bill Indictment MS. ST § 13-7-35) and charging the Petitioner with sexual Battery was invalid, defective" Because it failed to Charge Venue" through Claim was filed after expiration of Three(3) year Limit Seek Post-Conviction relief" Venu was a Constit- utional right that Could be accepted from Procedural Bars, Reaves v. State, 2011 65, So, 3d, 381 (Criminal Law) (The Petitioner challenging whether the Trial Court refused or denied to hear and rule on all Pro se motions was forwarded in the Trial Court's Pretainings to the Previous Cases)

-44-

Challenging The Hinds County Circuit Court Prior Clerk Tampering with records of Court of Justice or Public offices . . . . .

The Petitioner's Seek Habeas Corpus relief of the Lower Court To Present the original Sentencing order of cause no.90-1-442-CR); To Proceed thereines his Habeas Corpus; and a Certified Complete original Judgement of Conviction and ruling in cause no.90-1-442-CR; See attached Appendix-A(6) under The Habeas review There are two (2) different incomplete Notice Commitment-Prison Notice," See attached Appendix-M' and M'; one stamped received on September 11, 1991 and the other stamped received on September 13, 1991, which one is the original one? when their is evidence of Proof of Tampering and altering records of Court of Justice or Public M.S. ST §97-9-3), "Therefore" the Petitioner Seek charges" and fine of whom is responsible "an federal act" when both documents Cannot be the original; The Petitioner Seek Habeas relief of the hinds County Circuit Clerk office is in error or have Committed Plain error" when any federal ~~statute~~ or State Statute of Miss. Code Ann §97-9-3', is being Violated beyond a reasonable doubt" when L. Stevens Signature are on both documents is on Condition under review" The Petitioner request this honorable to review this matter; and the move this Court for Motion To Vacate" . . .

## Summary Argument-2

The Petitioner Summary argument therein the District Court where the State Court and Supreme failed or neglected the of the Trial Cour erred" in overruling the Victim's (I.S.) Youth Court obligation of the Liability of the Victim (I.S.) under the state Statutes" when it's enacted Statutes governing the Jurisdiction of the Victim's (Juvenile Courts'.

The for of this matter" whether the State failure to ~~diagnese~~ diagnose both Victim' and Petitioner" with no DNA Testing See (T. 82-11-12), where the Trial Court Stated during Trial ~~~~ whether it's DNA or other scientific evidence There is no difference in evidence whether it is the witness' testimony or the evidence that is produced in DNA or Anything else see (T. 118-18-23), Trial quoted; All of that is evidence if I allow it allow see (T. 118-23-24)"; The Petitioner Argues that Issue' where the Victim's testimony is not a fact of Proof, the Petitioner actually Committed either alleged crimes with the Victim (I.S)' After the fact the Victim accused the Petitioner or rape

repeatly before and During Trial" where is no show of evidence of Rape Kite"
Still the burden of Proof relys upon the State to Prove the facts in which stated
by the victim" that the Petitioner stuck in finger into her Private area's" which
Understate claim he Penetrated an Physical abused the Victim', where Dr. Scott
Benton of the universitys Medical Center' Proved "the fact if there was any Physical
evidence of ~~mutilation~~ the Petitioner Penetrated or abused the Victim, See Page 24
of the Habeas Corpus', Proven fact of the Petitioner was falsely accused of Crimes he
never Committed" when the state fail to offered the mississippi forensic Lab-
oratory report's Because wasen't any concret evidence to Prove the Petitioner these
alleged the crimes' It is increasingly a fact" the Petitioner is innocent of all
Charges', The Petitioner Seek the above grounds for relief of Lesser offense or re-
trial...

## [Challenging The Obtain DNA TESTING]

Petitioner's is Challenging the disregrading of equal Protection
of Law" where the Trial Court deprived of Such rights" when the burden
rely where the State fail to Present any Physical Proof of Penetration or abuse
was Committed" when the Statement by the Victim' (J.S.) was on word of mouth"
when her Statement to the State and CAC Interview' was second-information's he
the Victim) stated He raped her, which Proves both Victim (J.S.) and the Petitioner'
have the rights to have been tested by biological evidence of laboratory report'
or biological DNA Testing' To Prove actual guilts or Innocence or exonerate the
innocent).

1) whether there wasen't any Concret evidence available To The Court
   or Jury During Trial?

2) whether the trial errored by allowing the Prosecution to fail to Comply within
   Discovery?

3) Whether IT Could have been Discovered before The Trial through the
   exercise of Due Process?

4) IS The evidence from the State or Prosecutor's used was Merely Cumulative"
   (That is "does it only reinforce other similar evidence admitted at Trial) or
   impeachines (That is only Contradict other evidence ~~admitted at Trial~~
   admitted at Trial)?

5) Would No Physical evidence" or no Concret evidence Probably Change the
   Crimes to Lesser charge or offense in results" If a new Trial is granted See"
   John A Glenn, Annotation what Constitution" Newly Discovery...

# INDICTMENT'S IS DEFECTIVE

"The Petitioner Claim the 1990 and 1993 "Indictment's failure to be on True-Bill Indictment' See Miss. Code Ann § MS. ST. 13-7-35') See attached Exhibit's-B and Exhibit-D) Cause no. 90-1-442-CR and Case no. 93-2-18 CRRG) is invalid...

"The Petitioner Seek the Habeas Corpus relief', In McNeal v. State require the against the Peace and dignito of the state of Mississippi is required by Law" under each Count one(1) and Count two(2) therein the Previous Indictment attached "See Appendix-1) for evidence, In which the Petitioner Claimed in Post-Conviction Collateral Relief and Appellant Brief" when both Court's fail to review in Trial Court and the Supreme Court'; Therefore the Previous Indictment and Prior Indictment of cause no. 90-1-442-CR does not Properbs have the Correct essential elements' which both Indictment's fail to allege all essential element's of Seriously bodily injury motive To Intent, or consent of the Crime's afar is a foul of the state and Federal Constitutional right to notice of criminal charges and is Void, Hawkins v. State. (Miss. 2018) 2018, WL-5891055, 703, So 2d, 250).

"The Court erred when it Sentenced McNeal as Habitual offender Pursuant To M.C. A 199-19-81) Since Portion of Indictment chargeing with an habitual Criminal Language," Came after the Phrase" against the Peace and dignits of State" in Violation of Article 16 f of the Mississippi Constitution'; The Petitioner Seek an Habeas relief" in reviewing the above fact of both Indictment's shall be vioded" beyond a reasonable doubt by Federal Law.

## Trial Court Denied An order

"The Petitioner Claim therein the Post-Conviction Collateral Relief (PCR) and Appellant Brief's therein the Previous Case on october 16, 2019' The Petitioner had filed an Motion to Vacate Sentence and Conviction only, in Cause no. 09-804-02-CRO, which the Supreme had ordered to file an Appellant Brief and was dismissed. The Motion To Vacate was filed in Case No. 25CH-09-CR-804-TTG DOC# 120 filed on october 16, 2019, which was therein the Hinds County Circuit Court.....>

## ORDER OF RECUSAL

"After the fact the Petitioner had filed an Law" in Chancery Court" on 12/2/2021 in No. 25CH-21-CV-206' The Petition Submitted therein Appellant as well" request Access To an Public record Act M.S. § 25-61-5) and no results,"
"The Petitioner Seek Habeas Corpus relief" under review "See attached Appendix-11 and Appendix-12) To Support the Claim of the defendant's failure

To submitt the Request. The fact of the Petitioner is Indigent and have a right to disclosure records and Transcript and copy of vedio Tape's is apart of Public record.

The Court hereby ordered the Circuit Clerk of hinds County" To untilize the Computerized assignment system to randomly reasign another "in accordance with URCCC Rule 1054" therein Civil Archien No. 2504-21-CV-206 ) was Then in the Chancery Court on 12/2/2021 Doc"5 Page 1 of 1) The Petitioner have " claimed in state and Supreme Court that he is being deprived of the right to all Public records in which the state and District attorney used against the Petitioner at Trial...

## <u>Challensing THE DIRECT VERDICT</u>

The Petitioner Challenge "The Direct Verdict of The Jury on March 30, 2011" which the Petitioner Motion for The Direct Verdict" was in Cause no. 09-504-02-TNG" was filed on 9/8/2021 To the Circuit Clerk Zack Wallace and Hon. Tammie T. Green" The Trial Judge here File filed on Motion for Direct Verdict under rule 21, and the Circuit Court or Circuit Judge failure To comply or response, See attached <u>Exhibit</u> 13) as document of denial access To this request...... "The Petitioner Seek Justice Within this Honorable Court and relief Sought........

## <u>Facts</u>

The fact and Merit therein the Habeas Corpus relief" Hereby re-Questing this Honorable, to Considered under review" that the Lower Court" have disregarded the facts the ▮▮▮▮ Court of Appeals'; held that where There is no Transcript of 1991 Sentence of Plea was imposed of Guilty" available for An Post-Conviction Collateral relief ACT, is entitle To reversal' of Conviction, See U.S. V. Rosa F. 2d, 964 (1970). . . . . . . . . . . . .

Law:

"The Government" through not opposing 'Appeal from denied of Post-Conviction' (PCR) relief'. Should have considered the Memorendum Brief" before hand" in which it explicity stated it's Position in Legal Points of Law" involved on relief request, ed by Petitioner's in fed. Rules of crim. Proc. rules, 28, 31, 34, 18, U.S.C.A.), -

"Therefore" this honorable shall grant the facts on the above facts and merit "in ▮▮ it's Decision and Judsment or final Judsment, To Consider and Post-Conviction.

Collateral Relief ACT" To Vacate Sentence or Judgment and reduce or Modify and resentence to Lesser charge, Norwood v. State 846, So. 2d, 1048 (Miss. 2003) (The Petitioner Claim the fact" that Supreme Court made" the fact about his clear" stating "a motion To Correct the 1991 Sentence" under Post-Conviction Collateral relief ACT, MISS, Code Ann (1972), Section 99-31-1; et Seq." was Denied with Merit; Therefore' this Habeas Corpus relief have around the Law in which the Lower Court have deprived the Petitioner's of the Constitutional rights" The Petitioner in Evidentiary Hearing on the errors and Rules has been made and Violated.

Under review" of the Grounds which have been present before this honorable" is True beyond a reasonable doubt"; The Petitioner was deprived of a fair impartial Jury Trial in the following:

A) Intentionally destroyed Mutilates "Conceals removes" Tampering and alter. in a different dates of Courts of Justice of Public office MS. ST. 897-9-3) With intent To impare it's" verbs or availability in the Victim" (I.S.) Investigation or Prospective office Proceeding...

B) Knowingly makes Present offers or "False Contradictory Statement" and out of Court CAC's views and No evidence" with an Notice of Intent that be Introduced in the Correct Prospective" when an innocence Person IS in Custody Falsely....

## Constitutional error Venue

"The Petitioner Claim under review" therein the District Court," that will considered ~~Because~~ the Court of Appeals would Consider the Merit of Petitioner's Appellant Brief or Amended Brief Claim" that the Prior enhancement Indictment in case no. ~~95-80-065~~ Charging with the same charge of sexual Battery" is totally invalid" because it failed to Change Venue" though Claim was Files after expiration of three(s) year Limit" Seeking Habeas Corpus relief, Venue is a Constitutional right that can be excepted from Procedure Bars, Pegues v. State 2011; 65, So 3d, 351, Criminal Law).

"The Petitioner Claim that the 1991 enhancement Sentence is illegal" was impose improperly and obtained Knowingly, intelligent involuntarily"; Therefore, in violation of the Constitutional Rights of deprivation of Due-Process" were not addressable in Direct appeal" But rather is Subject to redress only and Post-conviction Collateral relief ACT, even after Court of Appeal affirmed...

Petitioner Claim that the Trial Counsel' were Lack of Interest to Prepare for Trial and (2) when she fail to investigate the Crime Scence where the Petitioner was accused at 117 Noel Street and (3) Failure to Subpeona check the witnesses in the Petitioner Favor that was addressed and (4) Failure address the Petitioner Pro'se motions for fast speedy Trial. That was Timely demanded and (5) failure to file the Petitioner Directed Appeals under rules .08) & Direct; is reversible error" and ineffective Assistance of Counsel <u>Strickland v. Washington</u>, 466, U.S. 668, (1984).

[ Challenging Jail-Time Credit and Time Served ]

The Petitioner Challenge an initially Legal Sentence" because the sentence is Jail-Time Credit (M.S.T. § 99-19-23) of 14 yr and four (4) months and twenty seven (27) days, <u>Fowler v. State</u>, 2003-WL-22-##80385).', The Petitioner was given Time Serve on 9-9-1991. The Petitioner challenge the fact under Habeas review' the ruling and Judgement on 9-9-1991 and Document from the hinds County Detention Center" released Papers on 9-10-1991...

The Petitioner Challenging the fact of the 1991 Counsel Richard A. Rehfeldt or George s. Later for it to inform the Petitioner of Maximum Sentence of Sexual Battery on 1990 for the alleged Crime. <u>Austin v. State</u>, 1999, 734, So 2d, 234,) (Criminal Law)

The trial Court and Supreme Court' stated it was record of the Petitioner Plead Guilty, The Petitioner challenge these word "because and effectively guilty Plea on 1991 shall be by Transcript and may be rehabilitated and Cured by certified evidence" by obtaining an orally Evidentiary Hearing, <u>Horton v. State</u> (Miss. 1991) 584, So. 2d, 764) Criminal Law...

The Petitioner Seek habeas relief under review' that the illegal invol- untarily Plea on 1991 Charge of sexual Battery and was enhanced render involuntary by the trial Court or Supreme court failure to honer the Plea Bargaining discussion or agree- ment offered by the state. <u>Tobias v. State</u>, 1998, 724, So 2d, 872) Miss. R. Rev. Rule 410), . . .

Under Habeas review' An Orally Evidentiary Hearing' will en- force the Proof of the Verdict was filed and entered on record's of Time menus Polls Voted Guilty or not Guilty . . . .



A). The Petitioner the Trial Judge (Tommie T. Green) declared their wasn't any Credible evidence See (T. 42-22-28) when two (2) Jurrors Came out of the deliberation crying without a doubt, and the Trial Judge, and the Court had Problems with the Victim's (J.S.) "Being able to Weight the fact of credibility of the witness in reaching a Verdict therein this Case, See (T. 43-15). grand for acquittal right then... The Petitioner Seek the relief of Justice...

[Challenging The State under 25 Post-Trial Motion]

Rule 25.1. Motion for new Trial.

A) Motion by Petitioner: The Court on written motion of the Petitioner May Vacate any Judgment and grant a new Trial for the grand Set forth in Section (b).

B) Grands: The Court shall grant a new Trial for any of the following reasons...

1) If required in The Interest of Justice;

2) If the Verdict is Contrary to Law or weight of the evidence;

3) If new and material evidence had recently been discovered, which Probably would ~~reduce~~ Produce a different result at a new Trial and; by reasonable diligence, Such evidence Could have been discovered Sooner;

4) If the Jury had received any evidence; Paper or documents" or Laboratory reports not authorized by the Court" or the Court has admitted illegally testimony or excluded Com potent and Legal testimony:

5) If the Jurrors after retiring to deliberate on the Verdict Separated without Leave of Court;

6) If the Trial Court has misdirect the Jury in material matter of Law; Or has failed to instruct the Jury on all questions of Law necessary for their Guidance; or elements or essential elements or.

The Petitioner Seek on Habeas relief of an orally Evidentiary Hearing that Lower Court Present these ~~request~~ required in Rule 25.1, To require Justice...

In Dorden V. ~~Winwright~~ 477, U.S. 168 (1986), the U.S. Supreme Court ruled that a Prosecutor's statement Violate DUE-Process if they infect a trial with unfairness and "mak the resulting Conviction a denial of Due Process...

[Challenging Failure To Investigate - Generally]

The Petitioner Seek Habeas relief to Challenge the State or Prosecuting attorney's and Trial Counsel's has a duty to make reasonable investigation of the "

or within the Alleged Crime Sence" where the Alleged Crime Claim to have been Committed at "117 Noel Street Jackson Mississippi" of the Victim's (L.S.) and the Co. defendant (the wife of The Petitioner) did not investigate the Circumstances of the facts of their wasen't any utilities on within the home of The Victim and her mother" to make a reasonable decision within this Case" that was necessary or unnecessary, Strickland v. Washington, 466 U.S. 668, 687, 80 L. 2d, 674, (1984).

The Petitioner's Claim' when the American Bar Association Standards used as prolific guide in assessing whether either counsel's failure to investigate was reasonable" Wiggins v. Smith, 539, U.S. 510, 522, 156 L, Ed 2d, 471 (2003)

The Trial Court fail to Consider that fact before Trial and during Trial," The American Bar Association (ABA Standards are to be used "only as 'guide in review-ing whether the attorney's Performance is reasonable; reversing the finding of deficient Performance' where the Lower Court treat the ABA' Standards as inexor-able Commands" that attorney's Shall fully Comply with", Bobby V. VanHook, S.P., U.S. ~ 175 f.d, 255 ~ 259 (2009).

The Petitioner Claim the fact of the State and District Attorneys and Trial Counsel's within the criminal Cases, should be charged with the responsibility on not Conduct-ing an Appropriate investigation of the alleged Crime Sence' where the alleged Crimes supposely have accured at 117 Noel Street, both Factual and Legal to determine if matters of defense that would be developed. United States v. Mooney, 497, F. 3d 397, 404, (4th. Cir. 2007)...

"Therefore" Petitioner request this henerocrable Court to grant the following relief, on the grand of the Petitioner was deprived of fundamental Constitutional Rights of Due Process of petition for a fast speedy Trial", and equal Protection of Law" and etc, which violated the 6th and fourtbeenth Amendment's therein the Previous Case).

The Petitioner Trial counsel deprived him of an Direct of appeal in time required after Petitioner was found guilty and fail to investigate the crime sence and subpoena the Petitioner witnesses in his favor and favor to Prepare for the Trial" to give an Proper Legal defense and failure to observe the Indictment" was Viod and No True Bill Indictment and investigate the enhencement sentence,. . Shall be Vacated. . .

-49-

[The Closing Argument]

"The Trial Court's or the Supreme Court decision and Judgment were in direct of the ruling on hearsay evidence "was credible" when the facts of the Victim's out of court CAC interview and state witnesses were not in the Personal Knowledge of each witness "But a repetition of what the Victim (T.S.) had Said, "Is not a fact", of proof" when the Trial Court Clearly admitted in the beginning of Trial "To both Counsels, where it was not any type of evidence" when it was the Credibility of the individual". See (T. 18-25) and (T.-8-2-7)... grounds for Habeas relief" under Habeas review" This Cannot be a crime of obstructed Justice." Therefore is not fairness in. Treatment by the Law" when the burden relys on the state, There is physical evidence" beyond a reasonable doubt:

The Petitioner Challenge the facts therein the discretion of the Trial Court failed to Act within the general guidlhines and rules, or Law...

"Therefore" The state or district attorney of state expert's "fail the facts of Proven the Petitioner touch or entered into the Victim Privacy erea" with his fingernails "which she falsely claimed under oath for support of the Victim's false Testimony" when the State or Medical examiner or expert's Proven or shown within there reports "that the Victim's (T.S.) or scan were tampered or injury were involved" beyond a reasonable doubt", when "engage, means" To enter into, when the Petitioner is accused of Sexual Penetration" which mean "the Petitioner affected deeply" when their is no type of evidence to Prove the ever Committed the Act or alleged Crimes See (T. 18-25) and (T. 8-1-7)

"Wherefore" This honorable Court Shall grant Justice of the Petitioner is entitled To An not guilty Verdict or Lesser Charge" and motion To Vacate by State and Federal Law". Where the State burden of Proof" to Prove the Petitioner guilt" by Physical evidence or biological DNA Testing beyond a reasonable doubt...

Mr. Thomas E. Ellis

Petitioner;

"I, declare (or Certify, Verify, or state) under Penalty of Perjury that the foregoing is True and Correct and that this Petition for Writ of Habeas Corpus was placed in the SMCI-2-Mail System on ___19th___ day of _January_ 2023...

Executed Signed on _____ dates:

-48-

Mr. Thomas Earl Ellis
MDOC # 06800
SMCI-7-A-2-P.O.Box 1419